Judge Wright
delivered the opinion of the court:
The jurisdiction of the Supreme Court to hear the probate of a will, is sought to be maintained under the provisions of section ■63 *of the practice act, 29 Ohio L. 70, in which it is enacted, [500 that if, in any suit or action in the court of common pleas, it shall so happen that there is nota sufficient-number of disinterested judges of such court to sit on the trial of any particular cause there pending, it shall be the duty of the court, on the application of either party, to cause such fact to be entered on the minutes of the court, and to certify the fact with the papers to the next Supreme Court. The Supremo Court is thereupon to take cognizance of the case, and proceed to hear and determine it in like manner as if it had been originally commenced in that court. No question is made but the-certificate of the court of common pleas in this case conforms to the law, if the ease be one which that court was authorized to certify up, and which the Supreme Court is empowered to take cognizance of.
The jurisdiction of our courts depends upon the constitution and laws of the state. The constitution imparts to the Supreme Court capacity to receive jurisdiction, “both in common law and chancery, in such cases as may be directed by law.” Const., art. 3, see. 2. *508 The like capacity is conferred upon the court of common pleas,, to “have conmon law and chancery jurisdiction in all such cases-as shall be directed by law.” Another and distinct section of the constitution confers upon that court “ complete criminal jurisdiction,” and in another section it is doclared, that the court “ in each county shall have jurisdiction of all probate and testamentary matter, etc., and such other cases as shall be prescribed by law.” Const., art. 3, secs. 3, 4. The act organizing judicial courts confers original jurisdiction upon the Supreme Court “ in civil cases, both at law and in equity, where the matter in dispute exceeds one thousand dollars, and appellate jurisdiction from the court of common pleasdn all civil case's in which the court of common pleas has original jurisdiction.” The same act confers upon the common pleas original jurisdiction in all civil cases, in law or equity, where the sum in dispute exceeds the jurisdiction of a justice of the peace ; and gives the court power to take -probate of wills, to grant letters testamentary thereon, to grant administration upon intestate estates, and to hear and determine all case of a probate and testamentary nature.
It is evident from these provisions, that the framers of both the constitution and law had in view the several distinct jurisdictions as distributed to the English courts, and exercised in that country 501] by the courts of common law and of chancery, *and by the ecclesiastical tribunals. In speaking of each, the appropriate language is used. The distinction is preserved throughout our legislation. The act to regulate the practice of the judicial courts directs the mode of practice in the courts of common law; the act directing the mode of proceeding in chancery directs the practice in the courts of chancery; while all subjects counected with the probate of wills, granting letters testamentary, of administration and guardianship, as well as the power of divorce (all matters pertaining to the ecclesiastical courts in England) form the subject of distinct and special legislative acts. This course of proceeding indicates a determination to keep those several jurisdictions as distinct and separate as can be done with our judicial organization.
The appellate jurisdiction'of the Supreme Court is limited to civil cases at common law, in which the court of common pleas has original jurisdiction. 29 Ohio L. 56. In chancery cases, the appellate jurisdiction varies but little. No ecclesiastical juris *509 •diction original or appellate is expressly conferred upon it except in cases of divorce. The question before us is one of jurisdiction, of appellate jurisdiction. That is limited to civil cases in law and •in equity. Is the probate of a will a civil case in law or equity within the meaning of the constitution or the laws ? In the case of Chapman’s will, ante, 148, this court decided that the rejection of the probate of a will was not within the provisions of the statute of wills, which gave an appeal “from the decisions of the court •of common pleas, when any will or other motion relating thereto .shall have been contested.”
The act under which this proceeding has been certified up from the common pleas authorizes the removal of suits or actions pending there on the application of either party to the suit. We think ■the terms suits and actions, as used in the law, synonymous. It is evident the case to be removed must have at least two parties, for the removal is to be made on the application of either party. I should define an action to be an abstract legal right in one person to prosecute another in a court of justice; and a suit, the actual prosecution of such right in a court of justice. The application to make probate of a will is not included in the definition •either of an action or suit. It belongs neither to the common law •nor equity jurisdiction conferred upon the court of common pleas, but appertains to the ecclesiastical jurisdiction of the English ■courts, which is specially ^conferred upon our courts of com- [502 mon pleas as courts of probate. The proceeding to make probate ■of a will is ex parte, not adversary. No process is required to notify any whose interests are to be affected. No one is necessarily before the court, other than the party applying to prove the will. No judgment is given. The order of probate is not conclusive •upon the subject of it, for the statute law expressly provides a way in accordance with the common usages of chancery to contest and vacate the probate, if allowed. If rejected, another application may be made, and probate established ou new and better proof.
It is urged that this case should be retained upon the principles on which the court retained the case of Rawson v. Boughtre, 5 Ohio, 328. That was an application to redeem lands sold for taxes. The court held it “in the nature of asuit or, action, and took jurisdiction.” But did so expressly on the ground that the proceeding contemplated by the statute for the redemption of lands sold for *510 taxes, was “ an adversary litigation.” It will be recollected that notice is required to the purchaser for taxes of the intended motion to redeem, that he may have day in court to contest the right to redeem the title of the party applying, and that the court is to make an order of redemption, award restitution of the premises, and direct the applicant to pay the costs. The analogy between that proceeding and the one before us does not hold in any par-\ ticular. The proceedings to redeem land are summary, but adversary, and the decision or judgment made was final as to the rights of the parties. Probate proceedings are ex parte, and the order of the court, given either way, is not conclusive.
It seems to us the case is not within our appellate jurisdiction, or that provided for by the act for certifying causes from the court of common pleas, where so many of the judges of that court are interested in it as to leave them without a quorum. The application is, therefore, dismissed for want of jurisdiction.