AARON WHITE v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, PROSECUTOR.

Submitted March 20, 1902—Decided June 9, 1902.

1. An act in tort for deceit will not lie against a principal for the deceit of an agent, not known to his principal. Under such circumstances the action for deceit can be maintained against the agent alone.

2. Where the principal has accepted the fruits of an agent's deceit, by accepting a payment thus unlawfully acquired, the injured party, by a timely rescinding of the contract and demanding a return of the money paid, may maintain an action upon contract against such principal to recover it back.

On *certiorari.*

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutor, *Corbin & Corbin.*

For the defendant, *George P. Rust.*

The opinion of the court was delivered by

HENDRICKSON, J.   The principal question to be reviewed in this proceeding is the refusal to nonsuit upon the trial of an action in tort for deceit in the District Court of the city of Passaic.   The suit as originally brought was against the railroad company and one Kays, its station and freight agent at that city.   At the close of the plaintiff's evidence a voluntary nonsuit was submitted to as to Kays, and a motion to nonsuit on the part of the defendant company was refused.   The grievance complained of was that by means of the alleged deceit practiced upon the plaintiff by Kays, the defendant company's agent, the former was induced to pay a draft upon a bank in that city covering the sum of $160.20 for ninety tons of hay lately purchased by him and shipped from parties in the State of Ohio, and also the freight bill of $61.41 before he was permitted to see the hay upon its arrival at the company's yard in Passaic, and which he found upon examination to have been greatly damaged, if not destroyed, while in transit, from the effects of the late fire in the city of Paterson. Some details of the alleged fraud were that the usual postal notice of the arrival of freight sent by the agent to the plaintiff contained the number 72,333 and the initials L. V. of the car in which the hay was shipped, rather than the name and number of the cars to which it was transferred at or after the fire in its damaged condition; that the plaintiff was required to produce the bill of lading attached to the draft at the bank before delivery without informing him of the damage by fire and the transfer from the car in which the shipment was originally made.   It was alleged that these representations, whereby the plaintiff was deceived, were falsely and fraudulently made.   The agent testified that in giving the notice he followed the description of the car as contained in the way-

bill and did not know of the fire and the change in the cars until plaintiff had paid the draft of the consignors, who had sent the bill of lading payable to their own order, with direction to notify the plaintiff. The defendant company, so far as appears, was not benefited by the alleged deceit, except it might be by the payment of the freight, to a share of which it was entitled as a forwarding carrier. The plaintiff refused to accept the hay upon discovering its condition and forthwith brought this suit. The jury returned a verdict for the plaintiff for $221.61 damages, and judgment was entered thereon.

In order to determine the alleged error of law for which a reversal of the judgment is sought a further reference to the facts will be unnecessary. It is contended that in this state an action for deceit cannot be maintained against the principal for the deceit of an agent not known to such principal. While the decisions in some jurisdictions are not altogether in harmony with this view, the principle as stated seems to be entirely settled here. The question came before this court on an application for a new trial in *Kennedy* v. *McKay,* 14 *Vroom* 288, which was an action for deceit in the sale of insurance company stock. The effort was to hold the defendant, as the colorable owner of the stock, liable for the deceit and misrepresentation of alleged agents of his in making the sale. The evidence to connect the defendant with the ownership of the stock was deemed too uncertain in its import to have a controlling effect upon the court. But assuming that he was the owner, Chief Justice Beasley, after a careful review of recent decisions, in which were included the case of *Udell* v. *Atherton,* 7 *Hurlst. & N.* 172, and the case of *Western Bank of Scotland* v. *Addie, L. R.,* 1 *Sc. App.* 146, decided in the House of Lords, speaking for the court, laid down the doctrine as settled "that an innocent vendor cannot be sued in tort for the fraud of his agent in affecting a sale. In such a juncture the aggrieved vendee has at law two, and only two, remedies—the first being a rescission of the contract of sale and a reclamation of the money paid by him from the vendors, or a suit against the agent founded on the deceit."

This case has since been followed or cited with approval in this court and in the Court of Errors and Appeals in a number of cases: *Titus* v. *Cairo Railroad Co.,* 17 *Vroom* 393, 420; *Decker* v. *Fredericks,* 18 *Id.* 469, 472; *Marsh* v. *Buchan,* 1 *Dick. Ch. Rep.* 595, 603.

In the case under consideration there was no attempt to prove deceit against anyone except the agent, Kays, or otherwise to bring home to the principal any knowledge of the alleged deceit, and therefore the above adjudications must control.

Applying the principles here enumerated to the plaintiff's case, if the latter wished to sue in tort for the deceit, his action must have been directed against the agent in person. If he desired to test the liability of the defendant company on the ground that it had received a consideration or benefit as a result of the agent's alleged deceit he should have proceeded to rescind the contract, restoring the company as far as he could to the position it held with regard to the cargo of hay and the unpaid freight when he paid the draft and settled for the freight. The plaintiff would then have been in a position to demand the return of the money paid, and if payment was refused, to bring suit against the company in an action upon contract to test the merits of the controversy. Whether he could establish a legal ground upon which to litigate with the company for a recovery of the money paid to satisfy the consignor's draft upon him for the hay is perhaps a serious question. It becomes so for the reason that upon the facts it does not appear to have been any part of the duty of the defendant to collect for the price of the hay. That was a matter exclusively between the plaintiff and the consignors who had drawn upon the former not only for the payment of the hay, but for a previous balance due them. Even conceding that it may have been one of the purposes of the agent by the alleged deceit to aid the consignors in procuring payment of the draft, the question would arise, was the agent at the time acting within the scope of his employment in so doing, so as to in anywise bind his principal? It is not our purpose to pursue the interesting questions that might arise

in this case on a trial of the merits, or to express any opinion upon those adverted to. We are constrained to the conclusion that the plaintiff has misconceived his remedy in the present action and that it was error in the District Court to refuse the motion to nonsuit. The result thus reached renders it unnecessary to consider the other grounds alleged for a reversal.

The judgment below will be reversed, with costs.