MARTIN REITMAN, PLAINTIFF IN ERROR, v. JOSEPH FIORILLO, DEFENDANT IN ERROR.

Submitted July 13, 1908—Decided March 1, 1909.

An innocent principal cannot assert any rights or retain any benefit upon a contract when it is procured by the fraud of his agent.

On error to the Supreme Court.

This cause was tried at the Union Circuit before Judge Vail and a jury, and a verdict rendered for the defendant.

For the plaintiff in error, *John J. Stamler.*

For the defendant in error, *Benjamin P. Morris* and *Charles H. Ivins.*

The opinion of the court was delivered by

VROOM, J. The suit was brought upon certain promissory notes made by Joseph Fiorillo upon a sale of certain whiskey in bond. The sale was made by one Alexander Ruberti, agent of the Old York Distillery, which was owned by one Frederick Hipsch. The notes were drawn to the order of the Old York Distillery and delivered by Ruberti to Hipsch. After maturity the notes were assigned by Hipsch to the plaintiff, Martin Reitman.

The defence interposed was that Ruberti had procured the sale of the whiskey to Fiorillo upon false and fraudulent representations, and the evidence disclosed that the defendant was an illiterate person, an Italian, who could neither read nor write English, and further, that when he discovered the fraud perpetrated upon him he tendered back the warehouse certificate to Hipsch and demanded of him the return of the notes, thereby rescinding the contract of sale.

The only assignments of error were based upon the exclusion by the trial judge of certain questions asked upon the

cross-examination of Hipsch, who had been called as a witness by the defendant to prove the agency of Ruberti merely. The questions thus excluded were designed to show that Ruberti had no authority from Hipsch to make the statements or representations as agent, or to enter into a contract for the sale of whiskies on any other terms than those contained in the warehouse certificates. But, as was urged, the only legitimate inquiry on cross-examination was as to the fact of agency or no agency; the questions overruled did not go to the denial of such agency, or that the notes had been delivered to Hipsch by his agent in the course of his employment. We find no error in the ruling of the trial judge.

The plaintiff in error relied upon an assumption which was clearly erroneous, that the defendant in error was asserting a right against Hipsch, founded upon a contract made by the agent. It must be conceded that if the defendant were suing Hipsch upon any contract, or if the action was being brought against him for the deceit of his agent, the questions overruled would have been relevant and admissible.

The defendant here, however, is repudiating a contract made by Hipsch on the ground of the fraud of his agent, and even though the vendor Hipsch was innocent in the transaction, the misrepresentations are imputable to him, and he cannot assert any rights or retain any benefit upon a contract against the defendant where the contract was procured by the fraud of his agent. The defendant had the undoubted right to rescind the contract for fraud. The whole subject of the rights of the vendee against an innocent vendor in such cases was discussed by Chief Justice Beasley in *Kennedy* v. *McKay,* 14 *Vroom* 288, 291, "and his statement, that the remedy against the innocent vendor is a rescission of the sale, and not an action for the agent's fraud, has been accepted as settling the principle in this state." *Marsh* v. *Buchan,* 1 *Dick. Ch. Rep.* 595, 603. See *Decker* v. *Fredericks,* 18 *Vroom* 469; *Keen* v. *James,* 12 *Stew. Eq.* 527, 540; *White* v. *New York, Susquehanna and Western Railroad Co.,* 39 *Vroom* 123. See, also, 1 *Benj. Sales* 614, where the language of Lord Chelmsford and Lord Cranforth in the case of the *Western Bank of*

*Scotland* v. *Addie, L. R.,* 1 *Sc. App.* 146, is quoted at length, and which was approved by Chief Justice Beasley in *Kennedy* v. *McKay, supra.*

The doctrine may be considered definitely settled that an innocent principal cannot avail himself of a bargain obtained by the fraud of his agent. *Marsh* v. *Buchan, supra.*

The plaintiff, Reitman, is admittedly in the same position as his assignor, Hipsch.

The record discloses no error, and the judgment reviewed should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 15.

*For reversal*—None.