HELEN A. BOYD v. FREDERICK M. SCHUSSLER.

Submitted March 23, 1911—Decided June 20, 1911.

1. In an action of tort for deceit, the declaration must show that plaintiff was damaged, and that such damage was the natural result of the wrongful act of the defendant.
2. A statement by defendant that he was authorized to make certain agreements as agent for another, though false, will not support an action of deceit where it is not alleged that such agreements were made and broken and plaintiff suffered damage by such breach, or that there was some other casual connection between the statements and the damage.

On demurrer to declaration.

Before Justices GARRISON, PARKER and VOORHEES.

For the plaintiff, *Arthur V. Schenck.*

For the defendant, *George S. Silzer.*

The opinion of the court was delivered by

PARKER, J.   The declaration is in tort for deceit, and contains two counts.   The first count alleges that plaintiff at the instance and request of defendant bargained with him for a certain specified motor car for $2,250, and that the defendant wrongfully and injuriously contriving and intending to deceive and defraud plaintiff and to induce her to purchase said car, falsely, fraudulently and deceitfully represented and asserted to her that he was the agent of the B. M. Company which made the car; that as such agent he was authorized to tell plaintiff that if she would buy such car, the said B. M. Company would employ plaintiff's nephew to drive said car for said company, or to drive other racing cars belonging to said B. M. Company; and that said company would pay for all the expenses of equipping and outfitting said car and for the maintenance and upkeep of the same, or would refund to plaintiff all expenditure by her for such expenses of equipment, maintenance, &c.; that plaintiff, confiding in said representations, purchased said car from defendant and paid him the price named, and also laid out large sums of money in its equipment and maintenance; but that such representations were false to the knowledge of defendant, but not to that of plaintiff; that in fact said defendant was not the agent of said B. M. Company; that he was not authorized to tell plaintiff that said company would employ her nephew, and pay or refund the cost of equipment and maintenance; and that by reason of the premises he deceived the plaintiff, to her loss $5,000.

The only two representations of fact in this count are—*first,* that defendant was agent of the B. M. Company; *second,* that he was authorized to "tell" plaintiff certain specified things.

As to the first, it is not perceived from the declaration how the false statement of agency redounded to the plaintiff's injury.   There is no averment showing causal connection between this and the allegation of damage; and in an action of this kind the declaration must show that the damage to the plaintiff was a natural result of the wrongful act of the defendant.   *Collins* v. *Cave,* 4 *H. & N.* 225; 6 *Id.* 131; *Bank* v.

*Beebe,* 6 *Ohio* 499; *Byard* v. *Holmes,* 5 *Vroom* 296; *Manger* v. *Shedaker,* 68 *Atl. Rep.* 1091; *Northwestern Life Insurance Co.* v. *Breautigam,* 40 *Vroom* 89; 20 *Cyc.* 102. So far as the false representation of agency is concerned, the first count cannot be supported.

Nor is it perceived how the statement by defendant that he had authority to "tell" plaintiff certain things has any causative value on the question of plaintiff's suffering damage, unless defendant actually did "tell" those things to plaintiff, and plaintiff believed and acted on them, and showed damage naturally resulting therefrom. It may freely be conceded that if it were shown at the trial that defendant said to plaintiff, "I am agent, &c., and am authorized to say to you for the B. M. Company that," &c., a jury would be fully justified in construing such language, not merely as a representation of authority to make the statement, but as including the statement itself. But in view of the rule that matters of fact should be pleaded according to their legal effect, the count fails to show a substantial averment that defendant represented anything but his authority to make certain promises without setting up that such promises were in fact made—a necessary link in the chain of causation. The first count is, therefore, bad.

The second count alleges that plaintiff bargained to buy of the defendant a certain motor car for $2,250, and that defendant to induce such purchase falsely and fraudulently represented to plaintiff that the fixed price of said car to the public and to other purchasers was $2,250; and that plaintiff confiding in such representations bought the car at that price and paid defendant the money; whereas, in truth, and as defendant well knew, though plaintiff did not, the fixed price of such car to the public and to other purchasers was $1,750, to plaintiff's damage, &c.

This count is sufficient. It states all the elements of an action for deceit, and the resulting damage is readily gathered from the facts pleaded. It charges that plaintiff, because of the defendant's false statements, was induced to pay $500 more for the car than she need have paid and more than its

regular market price. The demurrer to this count is overruled.

Defendant claims that the whole declaration is bad as joining a count in contract with one in tort, on the theory that the first count is really in contract. But so far as it goes, it is a count in tort.

The demurrer will be sustained as to the first count and overruled as to the second.