THE DUNSTON LITHOGRAPH COMPANY, DEFENDANT IN ERROR, v. MICHAEL N. BORGO, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided June 18, 1913.

1. Where the signature to a contract is procured by fraud or imposition, practiced upon the signer with intent to deceive him as to the purport of the paper which he signs, he has a right to set up such fraud or imposition as a defence to an action brought against him by the other party to the contract for a breach of the provisions contained therein; and the fact that he might have discovered the fraud practiced upon him by reading the paper will not defeat such a defence.

2. The principal who seeks to enforce a contract obtained by the fraudulent misrepresentations of his agent is as fully bound by those misrepresentations as if made by himself, notwithstanding the fact that they were made without his authority or knowledge.

On error to the Supreme Court.

For the plaintiff in error, *Edwin F. Miller* and *Louis H. Miller*.

For the defendant in error, *Walter H. Bacon*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The Farmers' Canning Company of Vineland ordered in writing from the plaintiff certain printed labels to be put upon canned goods manufactured by it. The order was signed "Farmers' Canning Co. of Vineland, H. D. Franklin, Superintendent." Upon this order was endorsed the following guarantee: "For a valuable consideration the undersigned do jointly and severally hereby guarantee payment to the Dunston Lithograph Company for all goods referred to in the above order.

"J. MALATESTO, *Pres.*
"L. J. RAFFO, *Treas.*          FARMERS' CANNING CO.
"VICTOR MORVARY, *Sec'y.*          Vineland, N. J."
"MICHAEL N. BORGO.

Dunston Litho. Co. v. Borgo.    84 N. J. L.

Borgo was a stockholder and one of the directors of the canning company. That company, having become insolvent, and paying only seventeen and one-half cents on the dollar of its business liabilities, the plaintiff brought suit against the parties who signed this guarantee, to recover from them under their contract the unpaid amount due on the original order. The defence set up by Borgo was that one Bryan, the agent of the plaintiff corporation, by whom the order for the labels was obtained from the canning company, falsely represented to him that the paper which he signed was a mere order for the goods specified in the written contract, and that his signature was necessary for the purpose of binding the canning company to take the labels, and that he was induced by such fraudulent representation to sign the contract of guarantee. In support of this defence he testified in his own behalf that, after the order for the labels was signed by Franklin, he, the defendant, was asked by Bryan to sign the endorsement as a director of the canning company, and that nothing was said by Bryan about its being a contract of guarantee, but that on the contrary he stated that it was just merely to show the Dunston Lithograph Company that the order was accepted by the canning company; that he (the witness) took Bryan's word honestly, and so signed the endorsement in the place indicated by Bryan. Witness further testified that Bryan did not give him any opportunity to read the endorsement, but as soon as it was signed by him took it and hurried away, saying that he had to catch a train. This testimony of the defendant stood uncontradicted, although Bryan was in court as a witness for the plaintiff.

At the close of the case counsel for the plaintiff moved to overrule the defence upon the ground that the defendant had no right to rely upon the representation of Bryan, but was bound to inform himself of the contents of the endorsement before signing it, and that his negligence in failing to do so precluded him from making the defence set up by him. The trial court granted the motion, and directed a verdict in favor

of the plaintiff and against Borgo. The propriety of this judicial ruling is the matter now presented for review.

We consider the instruction complained of to be erroneous. Although, as a general rule, the affixing of a signature to a written contract creates a conclusive presumption against the signer that he read, understood and assented to its terms, this rule has one notable exception, viz., where the signature to the contract was procured by fraud or imposition practiced upon the signer with intent to deceive him as to the purport of the paper which he signs. If such fraud or imposition is employed and results in inducing the person upon whom it is practiced to put his signature to a paper which he otherwise would not have signed, he is entitled to set it up as a defence to an action brought against him by the other party to the transaction for a breach of the contract provisions contained in the instrument. *Allaire* v. *Hartshorne,* 1 *Zab.* 665; *Duncan, Sherman & Co.* v. *Gilbert,* 5 *Dutcher* 521; *Holcomb* v. *Wyckoff,* 6 *Vroom* 35; *Fivey* v. *Penn. Railroad Co.,* 38 *Id.* 627. And this is so notwithstanding that he might have discovered the fraud perpetrated upon him by reading the paper, and was guilty of negligence in not doing so. *Alexander* v. *Brogley,* 34 *Id.* 307.

Nor is the fact that the fraudulent representation which induced the signing of the paper was made by an agent without authority from his principal material in an action brought by the principal upon a contract obtained by the fraud of his agent, for it is entirely settled that if a principal seeks to enforce a contract made by his agent, he is as much bound by any material misrepresentation made by the agent as if made by himself. *Alexander* v. *Brogley, supra.* An innocent principal cannot assert any rights, or retain any benefit upon a contract which is procured by the fraud of his agent. *Marsh* v. *Buchan,* 1 *Dick. Ch. Rep.* 595; *Reitman* v. *Fiorillo,* 47 *Vroom* 815.

Under the rules of law to which we have referred, the facts testified to by Borgo constituted a complete defence to the action brought against him by the plaintiff upon his guar-

antee. The judgment under review must be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, VOORHEES, MINTURN, KALISCH, BOGERT, VRE-DENBURGH, CONGDON, JJ.   10.