CHARLES F. McDONALD, APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT.

Submitted March 27, 1916—Decided June 19, 1916.

1. The defence of fraud in the execution of a written instrument is available even though the defendant had ability and opportunity to read it, where the situation is such that the signer is under no duty to read.

2. Where a release under seal is relied on as a defence, fraud in the consideration of the release is not available as a defence at law; there must be fraud in the execution to sustain the defence. *Connor* v. *Dundee Chemical Works*, 50 *N. J. L.* 257, approved.

3. A fraudulent misrepresentation of the contents of a release whereby the releasor is induced to execute it, is fraud in the execution of the release even though the misrepresentation is as to the statement of the consideration contained in the release.

On appeal from the Supreme Court.

For the appellant, *Charles M. Egan.*

For the respondent, *George Holmes* (*Edwards & Smith* on the brief).

The opinion of the court was delivered by

SWAYZE, J.   This is an action for personal injuries under the Federal Employers' Liability act.   The defendant relied upon a release under seal.   The plaintiff replied that the release was procured by fraud.   The defence of fraud is available where one is induced thereby to sign a written instrument, even though he has ability and opportunity to read it.   *Alexander* v. *Brogley*, 63 *N. J. L.* 307; *Aldrich* v. *Peckham*, 74 *Id.* 711, 716; *Dunston Litho. Co.* v. *Borgo*, 84 *Id.* 623.   The exception where the situation imposes upon the signer a duty toward third persons (*Williams* v. *Leisen*, 72 *Id.* 410) had no application to the present case where only the plaintiff and defendant are concerned.   Dunston Litho. Co. *v.* Borgo is sufficient authority for holding the defendant liable for the fraud of its agent where it seeks to avail itself of his acts. The only charge of fraud that we think important is that the agent of the defendant represented that the paper to be signed provided for the plaintiff's future employment.   This was not the fact, and since the trial judge directed a verdict for the defendant, we must determine whether the evidence to that effect made it necessary to submit the question to the jury.   This depends upon whether the evidence tended to

prove fraud in the execution of the release or fraud in the
consideration. The importance of the question arises from
the fact that the action is not brought upon the release and
the case does not therefore fall within the language of the
statute permitting fraud in the consideration of the contract
to be set up in an action at law. *Comp. Stat.*, p. 2225, § 15;
*Connor* v. *Dundee Chemical Works*, 50 N. J. L. 257. It is
then necessary to have clearly before us what the real con-
sideration was, aside from the presumption afforded by the
seal. According to the plaintiff, it was the promise of the
defendant to pay the compensation provided for by the Work-
men's Compensation act and give him future employment.
According to the defendant it was merely a promise to pay
the compensation provided by the act. Both contend that
the consideration was a promise. The distinction between
cases where the consideration is the promise and cases where
the consideration is the performance of the promise is well
pointed out by Chancellor Pitney in *United and Globe Rub-
ber Manufacturing Co.* v. *Conard*, 80 *Id.* 286. He was there
dealing with a case of failure of consideration not of fraud
in the consideration, but where as in the pending case the
consideration is a promise, there can hardly be fraud, unless
perhaps if there is no present intention to perform. No such
allegation is made in this case. The case differs entirely from
*Stryker* v. *Vanderbilt*, 25 *Id.* 482. The plea there demurred
to and held bad set up fraud by puffing at a public sale. The
effect was to make the defendant pay more than he otherwise
would, so that the consideration to be paid was fraudulently
enhanced. It differs also from *Lord* v. *Brookfield*, 37 *Id.* 552,
where the consideration of the bond was land conveyed to the
obligor and the fraud consisted in misrepresenting its charac-
ter and value. Fraud in the consideration means fraud in
the inducement (in a legal sense) to the contract. In the
pending case there was no fraud in the inducement to the
contract. There may have been a misunderstanding as to
what the consideration was, but there is no claim that it was
misrepresented. The misrepresentation was of the contents

of the release. The alleged fraud was not in the consideration itself, but in the statement that it had been expressed in the release, when in fact it had not. A misrepresentation of the contents of a document by which one is induced to sign a paper thinking it is other than it really is, is the typical case of fraud in the execution; it is a case where the defrauded party may properly say, "I never agreed to that, and hence the document is not my deed."

We think there was evidence of fraud in the execution, which should have been submitted to the jury. The judgment is reversed, without costs, and the record remitted for a new trial.

GARRISON, J. (dissenting). In a court of law the terms of a written contract cannot be varied by parole testimony, hence, the fact that by reason of false representations made to the defendant the terms of his contract are not as they were represented to him cannot be dealt with by a court of law.

If the defendant's contract lacks certain terms it was represented to contain, his remedy is in equity; it is only where what was signed by the defendant was not a contract, if the representations made to him were true, that a court of law deals with the question of fraud.

The cases dealt with at law, therefore, are those in which the writing signed by the defendant was represented not to be a contract although in fact it was one; the cases dealt with in equity are those in which the writing both purported to be and in fact was a contract, but did not express the terms it was represented to contain. In fine, the courts of law deal only with the question of contract or no contract, whereas, the Court of Chancery considers whether it is equitable that the contract should be enforced without reformation.

This distinction, which is made by our cases, was clearly appreciated by Judge Speer at the Circuit and correctly applied.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—GARRISON, TRENCHARD, TERHUNE, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, JJ. 12.