## PETTIT v. MORTON et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9003. Decided Apr. 16, 1928.

Syllabus by Editorial Staff.

**DECEDENTS' ESTATES.**

(220 T) Equity, under an unprobated will, will not declare a trust for fraud and forgery and so declare a duly probated will in favor of heirs at law invalid when occupancy, rents and profits ensue.

A nephew, having no distributive interest in property devised, has no capacity to bring an action to declare a trust.

Error to Common Pleas.
Judgment affirmed.

H. L. Diebel, Cleveland, for Pettit.
J. A. Curtis and Day & Day, Cleveland, for Morton.

### STATEMENT OF FACTS.

The question is whether the court committed prejudicial error in sustaining a demurrer to the first ground of defense of the answer filed by the defendants, which traversed the allegations of an amended petition wherein it is sought, on the part of the petitioner, the plaintiff in error, to have a trust declared in the defendant Morton and in favor of the plaintiff in error, in what is known as the Savoy Hotel property, located on Euclid Ave. in Cleveland.

In 1905, the father of defendant Morton executed a will which was admitted to probate in due form in the same year. It is claimed that this will is an instrument of no legal force and effect, because it was forged by the defendant and fraudulently probated by him, and under it he and his sisters, the co-legatees and only heirs at law took custody, possession and control of the property, and now hold the legal title thereto, by virtue of said will thus probated.

It appears that, on the same day this will was made and executed by the decedent, but prior thereto, there was another will made which named as devisee a nephew of the decedent, the plaintiff in error Morton Petitt, and it appears that the forgery was not discovered until years afterwards, when the statute of limitations had run against the right to contest the will under the statutes. The petition uses this unprobated will as a basis for the declaration of the trust according to the allegations of the amended petition, and specifically the relief sought is a decree in equity, declaring the defendant Morton a trustee *ex maleficio* for the plaintiff, as to the rents and profits which have come into the possession of the heirs at law, and for an accounting.

The answer has two defenses, but the first one is the only one material to the issue raised by the demurrer and, in substance, it is that the plaintiff has no capacity to sue or to maintain his action because the unprobated will has never been admitted to probate under the statute, or otherwise, in the County of Cuyahoga where the property is located. The demurrer was filed to this first defense and it, being general in its nature, alleged that the amended petition was insufficient in law to constitute a valid ground of defense to the cause of action incorporated in the amended petition, and this demurrer having been overruled by the Common Pleas, and the plaintiff not desiring to plead further, judgment was rendered in behalf of the defendants, and by these proceedings it is sought to reverse the judgment of the court in overruling the demurrer as it applies to the first ground of defense.

SULLIVAN, PJ.

The vital question is whether a court of equity, under the unprobated will, can declare a trust on the ground of fraud, and in that manner ultimately have declared invalid the will in favor of the heirs at law, duly probated under the statute, and under which occupancy, possession and rents and profits ensue?

In Seeds v. Seeds, 156 N.B. 193, the Supreme Court held that an heir at law might maintain an action in equity to have a devisee under a forged will, fraudulently admitted to probate, declared a trustee *ex maleficio*, even after the statutory time for contesting the will had expired, but in that case the person seeking to have the trust declared was the heir at law of the testator and, therefore, was an interested person in the will itself and would be benefited upon the setting aside of the fraudulent will.

That case cannot, in our judgment, be a basis for authority to declare a trust in the instant case, because the plaintiff in error has no interest in the property now and could have no interest in the distribution of the property if the will assaulted were declared null and void, because he is not an heir at law, and the unprobated will which he claims under as a legal document with force and effect in law, is a piece of worthless paper in the face of the will duly probated by the Probate Court.

The right to maintain the action in the instant case depends for its prerequisite upon some interest, either legal or equitable, in the property, before the capacity to sue exists. In the present case the legal title is in Morton, and there is no allegation in the amended petition that the plaintiff in error has any rights whatsoever in the property that may be considered substantive in law and constituing such requisites as are necessary to pray for the declaration of a trust.

Under Sec. 10541 GC., it says:

"Unless it has been duly admitted to probate or record, as provided in this chapter, no will shall be effectual to pass real or personal estate."

Thus the unprobated will is no basis for property rights in the plaintiff in error and without them, especially inasmuch as he is not an heir at law, he cannot maintain the action for the declaration of a trust, because he is incapacitated in law to sue.

Thus it is our unanimous judgment that for the purpose of the declaration of a trust as prayed for in the amended petition, the unprobated will is absolutely inoperative, and when the party plaintiff leans upon it as a basis for his cause of action, it is as a broken reed, without any legal strength to furnish any support whatsoever, to litigation in Ohio courts.

There has been a considerable discussion by counsel as to the language of the court in Seeds v. Seeds, supra, and opposing counsel take opposite views, especially by reference to the case of Gaines v. Chew (1844) 43 U.S. (2 How.) 619, 11 L. Ed. 402, but we think the decision of the Supreme Court in Kieley v. McGlynn, known as the case of Broderick's Will, 21 Wall. 503, 22 Law Ed. 599, settles the difference of opinion. There was no holding in Gaines v. Chew, that a devisee, under an unprobated will, could successfully maintain an action like the one at bar.

Again, in Morningstar v. Selby, 15 Ohio, 345, we find the same authority stating that the language in Gaines v. Chew was *obiter dicta*, and is no legal authority for sustaining an action for a trust like the one at bar.

The authorities are so numerous that a court of equity has no jurisdiction to admit a will to probate or to give validity to an unprobated will, that it is useless to refer to them, but the question is settled in Joseph Hunter's Will, 6 Ohio 499 and in Lessee of Swazey's Heirs v. Blackman et ux, 8 Ohio, page 5, and in Morningstar v. Selby, supra.

Holding these views, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)