THE DIAMOND RUBBER COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. PHIL FELDSTEIN, DEFENDANT-RESPONDENT.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellant, *Randall B. Lewis.*

For the respondent, *Peter Cohn.*

The opinion of the court was delivered by

PERSKIE, J.   This appeal brings up for review a judgment of the Supreme Court, which in turn affirmed a judgment of $77.15 in favor of the plaintiff-appellant, and a judgment of $2,000 in favor of the defendant-respondent. Each of the judgments aforesaid, although the judgment record appears to be limited to the latter only, was entered, as we shall presently point out, on the disposal of a rule to show cause by the learned trial judge below.

The record discloses that the appellant sued the respondent on a book account for goods sold and delivered (tires, &c.) in the sum of $4,120.91, plus interest. Although respondent in his answer denied the debt he did, nevertheless, at the trial, concede that, subject to his defenses, he owed this amount to the plaintiff. His defenses, three in number, were as follows: First, that appellant agreed to but failed to allow respondent an additional ten per cent. discount and volume rebate on all merchandise purchased. It is conceded that at the time of the suit the total amount of purchases aggregated $12,046.29, thus the discount totaled $1,204.62. Secondly, that in order to induce respondent to accept the appellant's agency it would send a salesman at its costs and expense to

co-operate, assist solicitations of trade and build up a demand for appellant's tires. The proofs tended to indicate that appellant breached its undertaking and as a result thereof respondent hired such a salesman and paid him $60 a week for a period of fifty-two weeks, or a total of $3,120. Third, that contrary to appellant's agreement to retain respondent as its sole and exclusive agent in and about Passaic county, it circularized and solicited tire users in said county (including customers of respondent) to purchase its products from some third party, namely, Elin Tire Company of Newark, New Jersey, which was likewise an agent of appellant for the sale of its products in and about Essex county. The respondent, in addition to these three separate defenses, set up a counter-claim for damages sustained (loss of business, good will, &c.) by reason of appellant's breach of its alleged undertaking as set out in the third separate defense. Appellant denied respondent's claims and in addition thereto set up an agreement, in writing, between the respondent and itself, which it contends was all inclusive, and it did not, of course, contain the undertaking as alleged by the respondent. This the respondent countered by setting up fraud on the part of appellant's agent in the execution of the agreement. This appellant, of course, denied.

The learned trial judge under proper instructions submitted all the proofs to the jury and it in turn returned a verdict of $9,326 in favor of respondent. On a rule to show cause, the trial judge disposed of the verdict in the manner already indicated.

The grounds of appeal before the Supreme Court were as follows: (1) The trial court refused to nonsuit defendant on his counter-claim. (2) The trial court admitted oral testimony to contradict and amend the written contract between the parties when no fraud or imposition was shown in securing its execution. (3) The trial court admitted certain undated letters allegedly signed by one Volz to defendant. (4) There was an abuse of discretion by the trial court in fixing defendant's damages at $2,000 on his counter-claim

after plaintiff's rule to show cause why the verdict in favor of defendant should not be set aside and a new trial granted.

We concur in the result reached by the Supreme Court.

In the case of *Dunston Lithograph Co.* v. *Borgo,* 84 *N. J. L.* 623, this court in an opinion by the late Chief Justice Gummere, on page 625, held:

" * * * Although, as a general rule, the affixing of a signature to a written contract creates a conclusive presumption against the signer that he read, understood and assented to its terms, this rule has one notable exception, viz., where the signature to the contract was procured by fraud or imposition practiced upon the signer with intent to deceive him as to the purport of the paper which he signs. If such fraud or imposition is employed and results in inducing the person upon whom it is practiced to put his signature to a paper which he otherwise would not have signed, he is entitled to set it up as a defense to an action brought against him by the other party to the transaction for a breach of the contract provisions contained in the instrument. *Allaire* v. *Hartshorne,* 1 *Zab.* 665; *Duncan, Sherman & Co.* v. *Gilbert,* 5 *Dutch.* 521; *Holcomb* v. *Wyckoff,* 6 *Vr.* 35; *Fivey* v. *Pennsylvania Railroad Co.,* 38 *Id.* 627. And this is so notwithstanding that he might have discovered the fraud perpetrated upon him by reading the paper, and was guilty of negligence in not doing so. *Alexander* v. *Brogley,* 34 *Id.* 307.

"Nor is the fact that the fraudulent representation which induced the signing of the paper was made by an agent without authority from his principal material in an action brought by the principal upon a contract obtained by the fraud of his agent, for it is entirely settled that if a principal seeks to enforce a contract made by his agent, he is as much bound by any material misrepresentation made by the agent as if made by himself. *Alexander* v. *Brogley, supra.* An innocent principal cannot assert any rights or retain any benefit upon a contract which is procured by the fraud of his agent. *Marsh* v. *Buchan,* 1 *Dick. Ch. Rep.* 595; *Reilman* v. *Fiorillo,* 47 *Vr.* 815."

· And where the fraud is disputed it is a question for the jury. *Palmer* v. *Tomlin,* 104 *N. J. L.* 215; *Wagenaar* v. *Finkelman,* 9 *N. J. Mis. R.* 961.

The second ground of appeal is not properly before us. For it is the well settled law that grounds of appeal should specifically point out the judicial action complained of, and in case of ruling on evidence, should state the name of the witness, the question or answers objected to and ruled upon by the trial judge. *Booth* v. *Keegan,* 108 *Id.* 538; *Kleinman* v. *The Globe and Rutgers Fire Insurance Co.,* 111 *Id.* 374.

Industry of counsel fails to point out to us any error injuriously affecting the substantial rights of appellant which forms the basis for the third ground of appeal. And we likewise fail to find any merit or substance to the fourth ground of appeal which is based on abuse of discretion by the trial court below in reducing the verdict of the respondent on his counter-claim. The reduction was a substantial one. To the extent that it was reduced it certainly enured to the benefit of the appellant. Conceding the legal right of appeal in cases where an abuse of discretion is made to appear (*Gaffney* v. *Illingsworth,* 90 *Id.* 490, 493; *Robinson* v. *Payne,* 99 *Id.* 135, 142; *Gormley* v. *Gasiorowski,* 110 *Id.* 287, 289), our study of the record and the memorandum of the trial judge on his disposal of the rule to show cause, utterly fails to disclose anything which might even resemble an abuse of such discretion.

All other grounds of appeal assigned and argued are without merit.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.