63 307
67 206

HAMIL M. ALEXANDER, PLAINTIFF IN ERROR, v. JOHN BROGLEY ET AL., DEFENDANTS IN ERROR.

HAMIL M. ALEXANDER, PLAINTIFF IN ERROR, v. JOHN O. BEDFORD, DEFENDANT IN ERROR.

Submitted March 27, 1899—Decided June 19, 1899.

The defendants were induced to sign their names to a printed form of contract for the purchase of a book, by a fraudulent representation made to one defendant that he was writing his name only to show how it was spelled, and to the other defendant that he was signing his name only as an autograph. *Held*, that they were not bound, even though they were negligent in failing to ascertain what was printed on the papers which they signed.

On error to the Supreme Court affirming the judgment of the Court of Common Pleas of Middlesex.

For the plaintiff in error, *Freeman Woodbridge.*

For the defendants in error Brogley et al., *J. Kearny Rice* and *George S. Silzer.*

For the defendant in error Bedford, *A. H. & T. Strong.*

The opinion of the court was delivered by

DIXON, J. These suits were brought by the plaintiff as assignee of the Biographical Publishing Company.

In the first of the suits the testimony before the trial court tended to prove that an agent of the company, engaged for it in collecting data and obtaining subscriptions for a book of biographies, applied to the defendant for the purpose of preparing a sketch of his life, and after getting from him some details of the history of his family and himself, handed to him a paper with the request that he would sign his name upon it, so that in the sketch his name might be spelled correctly. Thereupon the defendant, not noticing anything upon

the paper, signed his name. The paper thus signed contained a printed form of contract purporting to bind the subscriber to take a copy of the book and pay the publishing company $15 therefor. On this alleged agreement the suit was brought, and at the trial the judge charged the jury in effect that if the defendant was, by the fraud of the agent, led to believe that he was signing his name only for the purpose of showing how it was spelled, then he was not bound. The court also refused to charge that if the defendant, by his own negligence, in any way contributed to the perpetration of the fraud, he could not set up the defence of fraud.

The circumstances of the second suit are substantially the same, except that, instead of being asked to sign his name in order to show how it was spelled, the defendant was requested to sign his name as an autograph to be used with the sketch of his life.

The defendants having obtained verdicts and judgments, the plaintiff insists that the cases were wrongly submitted to the jury in the respects above indicated.

The plaintiff does not claim that, in the absence of negligence, the fraudulent representations implied in the requests made by the agent were insufficient to defeat the alleged contracts, but he urges that, as the defendants were able to read and had the printed papers placed in their hands, they had no right to act upon the representations, but were bound to inform themselves of the purport of the documents, and that their negligence on this point should preclude the proposed defence.

No doubt there are many decisions which hold that, under certain circumstances, a person may be debarred by his negligence from defeating what appears to be his contract, on the ground of fraud. Some of these decisions rest upon the desirability of preserving general confidence in commercial paper; others upon the legal maxim " *caveat emptor ;* " others upon the equitable doctrine that when one of two persons otherwise innocent must suffer, he should suffer whose negligence has allowed the loss to occur; and still others upon the

rule of evidence that when contracting parties execute a writing supposed to express their contract, that writing becomes the conclusive proof of the terms of their agreement, and hence there is cast upon the parties a stringent duty to inform themselves of the real meaning of the instrument signed.

The last two classes approach the case in hand, but neither of them includes it.

In the first place the defendants did not know they were signing contracts, and therefore were not called upon to exercise that vigilance which such a transaction reasonably demands. They were doing acts which were not intended to have, and, if the representations of the agent had been honest, could not have any obligatory force or legal effect whatever, and as to which, consequently, there was no legal duty of care. In the second place the plaintiff does not stand in the position of an innocent person. As assignee he is entitled only to the rights of his assignor, and the assignor is in legal contemplation implicated in the fraud of the agent, so far as relates to the enforcement of the alleged contracts from which the defendants have hitherto accepted no benefit. Said Mr. Justice Story in his work on *Agency* (*Story Ag.*, § 139), it is a " sound and perfectly well-settled principle that, if a principal seeks to enforce a contract made by his agent, he is as much bound by any material misrepresentation made therein by the agent, as if made by himself." *A fortiori*, it would seem, a person cannot enforce as a contract that which in truth never was intended to have even the form of a contract, but which has assumed such a form through the fraud of his agent. We know of no just principle, nor have we been referred to any judicial decision, sanctioning the notion that, in circumstances like those before us, a person can, out of the fraud of his own agent and the negligence of a third party, create a contract legally binding upon the latter.

Our conclusion, therefore, is that there was no error in submitting these cases to the jury, and that the judgment should be affirmed.

Alexander *v.* Brogley—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, HENDRICKSON, NIXON.   11.

*For reversal*—None.

Alexander *v.* Bedford—

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DIXON, LIPPINCOTT, ADAMS, BOGERT, HENDRICKSON, NIXON.   9.

*For reversal*—None.