LEWIS A. WILLIAMS, TRADING AS THE PUBLISHING SOCIETY OF NEW JERSEY, v. JOHN N. LEISEN.

Submitted March 26, 1905—Decided June 12, 1905.

To avoid liability on a written contract for the purchase of books, the defendant testified that the agent came to him and told him about the work, and told him he just wanted to get some influential citizen to endorse the same; that he did not read the slip, but signed his name to endorse the work to other citizens, and that he was in a hurry, and that the agent did not tell him that he was signing a contract for the books. *Held*, that this testimony was not sufficient in law to exonerate the defendant from the contract.

------

On appeal from the District Court of New Brunswick.

Before Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *Prout & Prout.*

For the defendant, *Alfred S. March.*

The opinion of the court was delivered by

DIXON, J.  To recover the price of books sold and delivered, the plaintiff sued on the following writing, signed by the defendant, and, according to the testimony on behalf of the plaintiff, read and understood by the defendant, namely:

"$18.00                                    JAN. 7, 1904.

"In order to aid the publication of a history of the State of New Jersey, entitled 'New Jersey as a Colony and as a State,' I hereby authorize The Publishing Society of New Jersey to enter my subscription for one copy of the same, for which I agree to pay to them or to their order the sum of eighteen dollars upon delivery of the work to me at my residence or place of business, the work to be published in four volumes and bound in buckram.

"It will be delivered to subscribers as soon as convenient after publication.

                              "JOHN N. LEISEN,
                              "Woodbridge, New Jersey."

The only defence offered was presented by the testimony of the defendant, who swore that Mr. Towne, the plaintiff's agent, came to him and told him about the work, and told him he just wanted to get some influential citizen to endorse the same; that the defendant did not read the slip, but signed his name to endorse the work to other citizens, and that he was in a hurry, and that Mr. Towne did not tell him that he was signing a contract for the book.

The question is whether this evidence warranted the submission of the matter to the jury in the face of a request that the court direct a verdict for the plaintiff.

The case differs substantially from *Alexander* v. *Brogley* and *Alexander* v. *Bedford*, 34 *Vroom* 307, where, through fraud of the agent, the defendants were led to believe that they were writing their names on blank paper for purposes which involved no duty whatever on their part to examine the paper. In the present case the statement said to have been made by the agent notified the defendant that he was about signing a document which directly involved the duty of examination. The statement did not of itself indicate, with any degree of precision, the nature of the document. It related only to the purpose of the agent in obtaining the defendant's signature, and that purpose might be accomplished either by the defendant becoming a purchaser of the books or by his recommending them to his neighbors. Whichever method was intended, it was plainly the duty of the defendant to read the instrument to inform himself of the bargain if he supposed a sale was contemplated, or to inform himself of the representations he would make to others to induce them to become purchasers if he supposed only a recommendation was in view. We therefore are of opinion that nothing was said to the defendant which ought to relieve him from the general legal rule that binds men by the import of documents signed by them and which they had ability and opportunity to read. Indeed, the defendant's testimony indicated that he refrained from reading, not because of the remark of the agent, but because of his haste and his indifference to the rights of others who might be influenced by his endorsement of the work.

We think a verdict for the plaintiff should have been directed.

The present judgment must be reversed and the case remitted to the District Court for a new trial.