ALBERT B. CHRISTIE, PLAINTIFF-RESPONDENT, v. JOHN P. LALOR AND ANNA LALOR, DEFENDANTS-APPELLANTS.

Argued May 7, 1935—Decided November 12, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellants, *James A. Major*.

For the respondent, *Jesse B. Leslie*.

The opinion of the court was delivered by

HEHER, J.   Plaintiff sued to recover the commission claimed to be due under an instrument in writing, bearing date June 23d, 1934, purportedly constituting him as defendants' "sole and exclusive agent for the sale, exchange or rental" of a parcel of real estate owned by them, and binding the owners to pay compensation at a specified rate on the sale price, in the event of a sale of the property, within three months from the date thereof, by the "owner, or through any other source."   Defendants sold the property during the term thus prescribed, but not through the efforts of plaintiff; the sale was negotiated by another broker.   The District Court judge, sitting without a jury, rendered judgment for plaintiff, and defendants appeal.

The single question of law presented by the state of the case is the propriety of rulings by the trial judge overruling questions designed to elicit proof of fraud in the procurement of the contract in suit, in that plaintiff "informed the

defendants that it was not a contract but a mere statement which he had to have before he could list the property with the Bergen County Real Estate Association; that the defendants could retain any broker they wished to sell the property and that the one selling the property would be the one to be paid the commission." The defendant John P. Lalor testified that "at the time he affixed his signature thereto the so-called agreement was in blank."

The District Court judge mistakenly conceived that the parol evidence rule was applicable. He concluded, according to the state of the case, "that if a person could read and write and signed an agreement he could not allege fraud because it was his duty to read the contract before he signed it."

It is true that, ordinarily, one's signature as a party to a written contract raises a conclusive presumption that he read, understood and assented to the terms thereof. But this rule is not applicable where the evidence tends to establish fraud in the execution of the instrument. The parol evidence rule does not come into play until the parties have assented to a certain writing or writings as the statement of a contract between them. *Williston on Contracts,* § 634. Where the signature was procured by fraud or imposition practiced upon the signer, with intent to deceive him as to the purport of the document to which his signature is appended, it is not his deed. He has not, in such circumstances, assented to the terms of the writing as an expression of a binding contractual obligation. If, through the fraud or imposition thus practiced, he is induced to affix his signature to a paper which he otherwise would not have signed, the parol evidence rule does not operate to bar this defense that denies the reality of consent essential to give rise to a contract, and therefore goes to the very existence of the asserted obligation. *Dunstan Litho. Co.* v. *Borgo,* 84 *N. J. L.* 623; *Diamond Rubber Co.* v. *Feldstein,* 112 *Id.* 514; *Alexander* v. *Brogley,* 63 *Id.* 307. It may therefore be shown, by parol, that the writing was never executed or delivered as a contract. Professor Williston states the distinction thus: "Fraud may induce a person to assent to do something which he would not otherwise have done, or it may induce him to believe that

the act which he does is something other than it actually is. In the first case the act of the defrauded person is effectual though voidable; in the second case the act of the defrauded person is void." *Williston on Contracts*, § 1488.

This court, in the following cases, enunciated the doctrine that, where the statement made by the person procuring the signature indicates that the signer undertakes some obligation, the duty of examination of the document arises, and if the signer neglects to read its contents and inform himself of the bargain, he is bound by "the general legal rule that binds men by the import of documents signed by them and which they had ability and opportunity to read." *Williams* v. *Leisen*, 72 *N. J. L.* 410; *Alexander* v. *Ferguson*, 73 *Id.* 479; *Hegedus* v. *Thomas Iron Co.*, 94 *Id.* 292. In *Williams* v. *Leisen, supra*, Mr. Justice Dixon observed that "the defendant's testimony indicated that he refrained from reading, not because of the remark of the agent, but because of his haste and his indifference to the rights of the others who might be influenced by his endorsement of the work."

In a later case, *McDonald* v. *Central Railroad Co.*, 89 *N. J. L.* 251, our court of the last resort seems to have regarded a duty towards third persons as fundamental in the rule laid down in *Williams* v. *Leisen, supra*. Mr. Justice Swayze, in applying the apposite principle, said: "The defense of fraud is available where one is induced thereby to sign a written instrument, even though he has ability and opportunity to read it. *Alexander* v. *Brogley*, 63 *N. J. L.* 307; *Aldrich* v. *Peckham*, 74 *Id.* 711, 716; *Dunstan Litho. Co.* v. *Borgo*, 84 *Id.* 623. The exception where the situation imposes upon the signer a duty toward third persons (*Williams* v. *Leisen*, 72 *Id.* 410) had no application to the present case where only the plaintiff and defendant are concerned." In that case, the charge of fraud was that the agent of the defendant railroad company represented that the paper to be signed provided for the plaintiff's future employment, whereas it was a release under seal. Continuing, Mr. Justice Swayze observed: "This was not the fact, and since the trial judge directed a verdict for the defendant, we must determine whether the evidence to that effect made

it necessary to submit the question to the jury. This depends upon whether the evidence tended to prove fraud in the execution of the release or fraud in the consideration. The importance of the question arises from the fact that the action is not brought upon the release and the case does not therefore fall within the language of the statute permitting fraud in the consideration of the contract to be set up in an action at law. * * * Fraud in the consideration means fraud in the inducement (in a legal sense) to the contract. In the pending case there was no fraud in the inducement to the contract. There may have been a misunderstanding as to what the consideration was, but there is no claim that it was misrepresented. The misrepresentation was of the contents of the release. The alleged fraud was not in the consideration itself, but in the statement that it had been expressed in the release, when in fact it had not. A misrepresentation of the contents of a document by which one is induced to sign a paper thinking it is other than it really is, is the typical case of fraud in the execution; it is a case where the defrauded party may properly say, 'I never agreed to that, and hence the document is not my deed.' "

As to the circumstances which reasonably put the signer upon inquiry, and therefore make him chargeable as if he knew, see, also, *Commercial Credit Corp.* v. *Coover,* 101 *N. J. L.* 530.

Defendants' offer of evidence to show fraud in the execution of the contract was therefore erroneously overruled, and it results that the judgment should be reversed.

Judgment reversed, and a *venire de novo* awarded, costs to abide the event.