THE TIMKEN SILENT AUTOMATIC CORPORATION, A CORPORATION OF THE STATE OF MICHIGAN, PLAINTIFF-APPELLANT, v. J. FRANK VETROVEC, DEFENDANT-APPELLEE.

Argued October 6, 1937—Decided February 17, 1938.

Before Brogan, Chief Justice, and Justices Trenchard and Parker.

For the plaintiff-appellant, *Bernhard G. Luethy*.

For the defendant-appellee, *French, Richards & Bradley*.

Per Curiam.

This is an appeal from a judgment for the defendant entered upon a jury verdict for money damages in favor of the defendant on his counter-claim. These are the pertinent facts:

The defendant, by written contract of March 2d, 1934, purchased an oil burner from the plaintiff which was installed March 6th, 1934, for the sum of $575, of which amount $25 was paid as a down payment. Beginning on May 25th, 1934, correspondence ensued between the parties which continued down to July 27th. The defendant, in his first letter to the plaintiff corporation, complains that the operation of the burner was not as represented by the sales agent, Phillips, as far as economy was concerned. The plaintiff company replied that the amount of oil consumed was not at all "out of line" with the estimate submitted by the salesman. The defendant wrote again insisting that the company make a guarantee as to oil consumption. This the company refused to do. The defendant then wrote to the plaintiff to take out the burner and equipment at its own expense, which request was rejected.

At the trial, the defendant was permitted to testify to conversations had with Phillips, the salesman, before he contracted for the burner, regarding the representations made as to the amount of oil consumption and the cost of heating the house and the water used therein for domestic purposes; also that he originally called at the Camden branch of the plaintiff company because he was interested in a humidifying radiator, but was persuaded by Phillips in favor of the burner; that the plaintiff, through Phillips, made a survey of his house, gave him an estimate of the cost, and recommended the oil burner in question. Defendant said that he told the agent

of the plaintiff that he was not interested in oil burners until Phillips represented to him that when properly installed an oil burning unit was as economical and, in some cases, less expensive than a coal burning unit and that it would mean a saving to him of $100 a year.

The court also, over objection and exception, received in evidence the proposal which preceded the contract. This contained the stated cost and an estimate of the saving that would ensue, and it was on this basis, the defendant says, that he entered into the contract in question, obligating himself to raise money for the installation of this new system on the theory that by the resulting saving it would pay for itself.

The testimony was that he paid the $25 deposit on Saturday, March 3d, and that he telephoned to the office of the company again on Monday when he talked to a Mr. Benz, described as the manager, because he noticed a provision in the contract to the effect that anything which was not expressly made part of the contract "is not agreed upon," and the defendant was concerned about the statements made to him by the salesman, Phillips. Regarding this call, he testified that Mr. Benz told him, "anything Mr. Phillips said he would back up," and that Mr. Benz represented the company.

The jury returned a verdict on the counter-claim and the plaintiff appeals from the judgment on the ground that it was error for the trial court to refuse to direct a verdict since the plaintiff performed the terms of the contract upon which the suit was based, and, further, since the defense interposed by the defendant had not been supported by any testimony, it was therefore improperly submitted to the jury. In brief, the plaintiff takes the position, relying on the legal principle stated in such cases as *Naumberg* v. *Young,* 44 *N. J. L.* 331; *Christie* v. *Lalor,* 116 *Id.* 25, that it was error to have admitted oral evidence that tended to vary the terms of a written contract. But the exception to these cases, which is as widely recognized in this state as the rule of cited cases, is that such oral testimony is admissible where the execution of the instrument upon which suit was brought is said to have

been induced by fraud. This is the insistment in the answer and counter-claim of the defendant.

The soundness of the rule that the existence of fraud warrants the introduction of oral evidence, the effect of which, if believed by the jury, would be to relieve the party charged from a contract, procured by such means, is thoroughly established. (See *Guilder* v. *Boonton-Pine-Brook New York Bus Co.,* 110 *N. J. L.* 103; *Christie* v. *Lalor, supra.*

Whether the present agreement resulted from fraud became, under the circumstances, a question of fact and it was not error to admit the evidence in question.

The second point made by the appellant is that it was error to permit the defendant, Vetrovec, to answer a question, the purpose of which was to tell the court and jury the gist of a conversation that he had with the salesman, Phillips.

Where fraud is asserted as the inducing cause for entering into the contract and the object of the testimony offered is not to modify or vary the contract as written but to escape its provisions, oral evidence is admissible. That was the situation here. *Duralith Corp.* v. *Van Houten,* 113 *N. J. L.* 374, is a late case on the subject, some of the earlier ones being *Reitman* v. *Fiorillo,* 76 *Id.* 815; *Crescent Ring Co.* v. *Travelers Ind. Co.,* 102 *Id.* 85.

It is asserted that the trial court fell into error in receiving into evidence the written proposal of Phillips which was submitted to the defendant prior to the execution of the contract, and that it was likewise error to admit the correspondence which the defendant addressed to the plaintiff after the installation was complete.

We do not consider that there is any merit in either point.

The estimate or proposal delivered to the defendant, which is complained of in this case, would seem to be corroborative of the oral testimony of the defendant and since his oral testimony is unobjectionable legally, as pointed out above, certainly this written corroboration is equally unobjectionable.

As a rule, of course, a written contract purporting to contain the agreement between parties is presumed to contain every material term and condition (*Hallenbeck* v. *Chapman,*

72 *N. J. L.* 201), but this rule of law is not applicable in cases where the object of the suit or the answer and counter-claim is to avoid the contract in question on the ground of fraud.

The judgment will be affirmed, with costs.