12 N.J. Super. 500 (1951)
79 A.2d 870
SCHLOSSMAN'S, INC., A CORPORATION, PLAINTIFF-APPELLANT,
v.
WILLIAM NIEWINSKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1951.
Decided March 26, 1951.
*503 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Abraham P. Bab argued the cause for plaintiff-appellant.
Mr. Bernard Feinberg argued the cause for defendant-respondent (Mr. Feinberg and Mr. Sam Monchak, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff sold defendant three furniture slip covers for a price of $92.04, payable *504 in installments. The contract was in writing and contained no warranty of any kind. When defendant's wife washed the slip covers their various colors bled freely into one another, damaging them. Defendant promptly informed the plaintiff, by registered mail, that the slip covers were not washable as orally represented by plaintiff's salesman and demanded that adjustment be made or his money returned. Defendant had paid $31.04 on account of the purchase price. Plaintiff brought suit in the Passaic County District Court for the $61 balance. Defendant filed a counterclaim alleging that the contract had been rescinded because of the fraudulent misrepresentations of plaintiff's salesman that the slip covers were washable and sought a judgment for the return of the amount paid. Judgment was entered in defendant's favor on the counterclaim and plaintiff appeals.
Defendant and his wife were permitted to testify over the objection of plaintiff's attorney that before the signing of the agreement they discussed with plaintiff's salesman the question whether the slip covers would be washable, that they told the salesman they were persons of moderate financial circumstances and could not afford to have the slip covers dry cleaned, that the wife insisted on having slip covers which were washable and that "they received positive assurance from the salesman that the slip covers which they selected were washable," that, relying upon that representation, and induced thereby, defendant signed the agreement.
The salesman did not testify. The trial court accepted the testimony of defendant and his wife and found that the salesman had made "a positive representation" to the defendant that the slip covers were washable, that defendant had relied upon that representation and was induced thereby to enter into and execute the contract, that the representation made by the salesman was false and fraudulent in that "the slip covers, the subject matter of this contract, were not washable as represented."
It is insisted by counsel for appellant that the admission of the verbal representations enlarged and varied the written *505 contract. He therefore evokes the rule of evidence that when parties have put their contract into writing oral testimony cannot be substituted for or added to the written evidence of the agreement. Naumberg v. Young, 44 N.J.L. 331 (Sup. Ct. 1882). But this rule of evidence is not infringed by the admission of parol testimony which is not intended as a substitution for or an addition to a written contract, but which goes to show that the instrument is void or voidable, and that it never had any legal existence or binding force by reason of fraud. Duralith Corp. v. Van Houten, 113 N.J.L. 374 (E. & A. 1934); Timken Silent Automatic Corporation v. Vetrovec, 119 N.J.L. 500 (Sup. Ct. 1938); Cummings v. Cass, 52 N.J.L. 77 (Sup. Ct. 1889); Thompson v. Koewing, 79 N.J.L. 246 (Sup. Ct. 1910); Crosby v. Wells, 73 N.J.L. 790 (E. & A. 1907); Hanrahan v. National Building, Loan & Provident Association, 66 N.J.L. 80 (Sup. Ct. 1901); Annotation, 56 A.L.R. 13.
The case of Schlossman's, Inc. v. Radcliffe, 3 N.J. 430 (1950), urged on us by appellant as requiring a reversal here, was tried on a different theory and is not in point. The plaintiff here was also the plaintiff in that case and brought suit on a contract substantially identical with that involved here. The wife of the defendant purchaser in the Radcliffe case was permitted by the trial court to testify that during the negotiations for the slip covers she told the salesman she wanted washable slip covers and he assured her that the material was cotton gabardine and was a washable fabric, that after using the covers for several months she washed them and as a result of the washing they shrunk to an extraordinary degree, broke at the seams, and no longer fit the furniture. The admission of that testimony was held by the Supreme Court to be reversible error because the defendant offered it in support of an alleged oral warranty which was deemed by the court to have been intended as an addition to the written contract and not admissible within the settled rule that parol evidence of a warranty made prior to or contemporaneously with the contract "will not be admitted to add to or vary such a writing, nor will a *506 warranty be implied therein where, as here, the contract by its very terms is made the `entire agreement' between the parties which `cannot be changed orally'."
The testimony was not offered here as an addition to the written contract but to avoid the contract in toto on the ground of fraud. The distinction between such representations as add to the contract and such as avoid the contract, because of their fraudulent character, is firmly established. The admission of parol evidence for the purpose of avoiding a written contract on the ground of fraud is not confined to such testimony as goes to the execution of the contract, for example, to show that a party was lured into making a contract other than that intended, as by the substitution of one contract for another by trickery, or by misreading a contract to an illiterate person. The rule admitting parol evidence extends also to proof of fraudulent misrepresentations as to the subject matter of the contract. Cummings v. Cass, supra; Annotation, 56 A.L.R., at p. 42. Nor, since fraud in the inducement is charged, is the testimony made inadmissible because the contract in suit includes a provision, "This is our entire agreement, and cannot be changed orally." Duralith Corp. v. Van Houten, supra; Series Publishers, Inc., v. Greene, 9 N.J. Super. 166 (App. Div. 1950).
We conclude, therefore, that if the evidence established fraudulent conduct on the part of plaintiff's salesman, the testimony was properly admitted There remains, however, the question whether that testimony was sufficient, in any aspect in which the trier of fact might view it, to establish fraud.
Viewed in the light most favorable to the appellant, the rescission of the contract or the defense against the action required that defendant prove the elements of fraud which supply the foundation for an action for deceit. The representation must concern a material fact, must induce to the execution of the contract, and must be falsely made. Fischetto Paper Mill Supply, Inc., v. Quigley Co., Inc., 3 N.J. 149 (1949). The substantial question in this case is whether there *507 was sufficient evidence to support the finding of the trier of fact that the representation was made falsely.
"This falsity may consist in making a representation of a material fact knowing it to be false, or it may consist in making a representation which is untrue without knowledge whether it is true or false, and by coupling with the representation an expressed or implied affirmation that it is known to be true of personal knowledge." Cummings v. Cass, supra, at p. 83; Plimpton v. Friedburg, 110 N.J.L. 427 (E. & A. 1933).
In the present case no attempt was made to prove knowledge on the part of the salesman of the falsity of the statements. Nor is there any proof that the salesman expressly stated that the thing affirmed was true of his own knowledge. "In examining the cases, however, we discover that an express affirmance of personal knowledge is not always requisite, as such affirmance may be implied." Cummings v. Cass, at p. 84.
The determination whether such affirmation is proved is made to depend not so much upon the consideration whether an expressed assertion of personal knowledge is absent or present in the proofs, as upon the character of the subject matter alleged to be true. Mr. Justice Depue, in Cowley v. Smyth, 46 N.J.L. 380, 388-390 (Sup. Ct. 1884), enunciated the rule in this wise:
"In other cases of actionable frauds, the probative force and effect of the evidence to establish the fraudulent intent will depend upon the circumstances of the particular case. This question is presented in a complex form where the defendant has added to a representation  which turns out to be untrue, but was not false to his knowledge  an affirmation that he made the representation as of his own knowledge. In such cases the force and effect of the evidence will depend, in a great measure, upon the nature of the subject concerning which the representation was made. If it be with respect to a specific fact or facts susceptible of exact knowledge, and the subject matter be such as that the affirmation of knowledge is to be taken in its strict sense, and not merely as a strong expression of belief, the falsehood in such a representation lies in the defendant's affirmation that he had the requisite knowledge to vouch for the truth of his assertions, and that being untrue, the falsehood would be *508 wilful and therefore fraudulent. But where the representation is concerning a condition of affairs not susceptible of exact knowledge, such as representations with respect to the credit and solvency of a third person, or the condition or credit of a financial institution, the assertion of knowledge, as was held in Haycraft v. Creasy (2 East 92), `is to be taken secundum subjectam materiam, as meaning no other than a strong belief founded upon what appeared to the defendant to be reasonable and certain grounds.' In such a case the question is wholly one of good faith. The form of the affirmation will cast the burden of proof on the defendant, but when the evidence is in, the issue is whether the defendant honestly believed the representation to be true. In support of such an issue the defendant may, by way of exculpation, resort to evidence not admissible in actions for other kinds of deceit. He may, as in Haycraft v. Creasy, give evidence that the person whose ability he affirmed lived in a style, and with such appearances of property and means, as gave assurances of affluence. He may give in evidence the information he had upon the subject, (Shrewsbury v. Blount, 2 M. & G. 475), and show the general reputation for trustworthiness of the person whose credit he affirmed. Sheen v. Bumpsted, 2 H. & C. 193. In fine, he may avail himself of any evidence which may tend to show good faith or probable grounds for his belief, leaving the question to be determined upon all the evidence, whether his conduct was bona fide  whether, at the time he made the representation, he honestly believed that his representation was true."
And it was said by Mr. Justice Reed in Cummings v. Cass, "Therefore, without regard to whether the affirmance of personal knowledge was express or otherwise, the existence of such affirmation depends upon the form of the affirmation of fact, and of the character of subject matter concerning which the affirmation was made. From these circumstances, it must be considered, * * * whether the party assumed or intended to convey the impression that he had actual knowledge, though conscious that he had not."
The proofs here are that the salesman gave "positive assurance" that the slip covers were washable. That was a representation of a thing which was susceptible of exact knowledge. The simple process of washing the fabric was all that was required to determine whether the goods could be cleaned in that manner and remain colorfast. Appellant does not contend that the washing done by defendant's wife was done in an improper manner or, indeed, that the manner of *509 washing has any bearing on whether the goods will remain colorfast. It is common knowledge that the washability of textile goods is an important factor in the housewife's decision whether or not to buy. Here the defendant's wife made it very plain to the salesman that she would not have the slip covers if they were not washable and had to be cleaned at the greater expense of dry cleaning them. In that situation the form of the affirmation  "positive assurance"  was such that the trier of fact could reasonably conclude the salesman implied an affirmation of personal knowledge of the truth of that material and ascertainable fact, intending the defendant to believe that he had such personal knowledge, so that, there being no evidence by the salesman or otherwise bearing on the honesty of his belief in the truth of his representation, its form and content, it being untrue in fact, if not evidencing actual knowledge of the falsity of the asserted fact, at least supported an inference that the salesman was conscious that he did not know whether his affirmation was true or not, and sufficed in the circumstances as proof of legal fraud. The representation was plainly not of the class which is considered in law to be simply a statement of a strong belief in the truth of a thing not susceptible of exact knowledge. Cowley v. Smyth, supra.
Affirmed.