16 N.J. Super. 330 (1951)
84 A.2d 626
WINOKA VILLAGE, INC., A CORPORATION, PLAINTIFF-APPELLANT,
v.
JOSEPH B. TATE, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1951.
Decided November 19, 1951.
*332 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Albert B. Melnik argued the cause for appellant.
Mr. Howard S. Tilton argued the cause for respondent (Messrs. Waddington & Tilton, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff sued in the Camden County District Court to recover rents under written leases, one for an apartment and another for a garage, which were vacated by defendant before the end of the term. The defense was willful fraud. The trial judge found that fraud had been proved and entered judgment for defendant.
The fraud charged consisted in alleged willfully fraudulent misrepresentations by one Ecklund, plaintiff's superintendent, on two occasions prior to defendant's execution and delivery of the leases and once thereafter before he took possession, "that it was the policy of the company to forfeit a month's deposit in case a tenant had to move before the end of the term and nothing more would be required of him"; "that the term of the lease is nothing to worry about." Defendant, an electronics engineer and a college graduate, read the leases *333 before executing them and was aware that each provided a term beginning January 15, 1949, and ending December 31, 1951. He deposited one month's rent as security, applicable, according to a provision in each lease, except in case of default, to the last month's rental. He vacated in September, 1950. His testimony was that he signed the leases in reliance upon Ecklund's alleged representations, after telling Ecklund at the times mentioned that he could not sign three-year leases because he was uncertain of his tenure in the position he then held and might change his employment.
Ecklund denied the making of the alleged representations or that there had been discussed at any time the contingency that defendant might change his employment. He and plaintiff's president testified that when applicants were reluctant to sign three-year leases for such reasons it was the practice for Ecklund to make an appropriate note upon the lease application and for plaintiff then to consider each case and if satisfied of its merit to attach riders to the three-year leases specifying the conditions upon which they were terminable before their expiration date. Defendant's application is in evidence and bears no such notation.
The judgment must be reversed. Defendant signed the leases with knowledge that their specific provisions bound him until December 31, 1951. The alleged oral misrepresentations, being contradictory of the undertakings expressly dealt with by the writings, are not effectual in that circumstance to avoid the obligations he knowingly assumed. "The general rule is clear that a parol agreement which is in terms contradictory of the express words of a contemporaneous or subsequent written contract, properly interpreted, necessarily is ineffectual and evidence of it inadmissible, whether the parol agreement be called collateral or not." Williston, Contracts (Rev. ed. 1936), sec. 639; Restatement, Contracts (1932), vol. 1, sec. 237. Men are usually bound by the import of documents signed by them and which they had the ability and opportunity to read. See Commercial Credit Corp. v. Coover, 101 N.J.L. 530 (E. & A. 1925); Williams v. Leisen, *334 72 N.J.L. 410 (Sup. Ct. 1905); Peter W. Kero, Inc., v. Terminal Construction Corp., 6 N.J. 361 (1951). Notable exceptions are when the signature is obtained by fraud or imposition in the execution of the contract, as by reason of a willful misrepresentation as to its purport or contents; McDonald v. Central R.R. Co., 89 N.J.L. 251 (E. & A. 1916); Peter W. Kero, Inc., v. Terminal Construction Corp., supra; Alexander v. Brogley, 63 N.J.L. 307 (E. & A. 1899), Dunston Lithograph Co. v. Borgo, 84 N.J.L. 623 (E. & A. 1913); Christie v. Lalor, 116 N.J.L. 23 (Sup. Ct. 1935); and when the fraudulent misrepresentation inducing the signature is as to a thing not dealt with at all in the agreement. Schlossman's v. Niewinski, 12 N.J. Super. 500 (App. Div. 1951).
The general rule controls in this case. Defendant knew when he signed the leases that the specific written obligations he assumed under them bound him until December 31, 1951. Although the testimony as to the alleged oral misrepresentations was received without objection from plaintiff, and the question of the propriety of its admission will not be considered on appeal, Slovak Catholic Sokol v. Foti, 13 N.J. Super. 458 (App. Div. 1951), this testimony was insufficient in law to relieve defendant of rental obligations he knew were imposed by the express terms of the leases when he signed them. The rule that a specific undertaking in a written agreement is not to be varied or contradicted by parol is a rule of substantive law and not of evidence merely. See Downs v. Jersey Central Power & Light Co., 117 N.J. Eq. 138 (E. & A. 1934), affirming 115 N.J. Eq. 348 (Ch. 1934); 9 Wigmore, Evidence (3d ed. 1940), secs. 2400 et seq., cf. Marcus & Co., Inc., v. KLG Baking Co., Inc., 122 N.J.L. 202 (E. & A. 1939); Adams v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389 (Sup. Ct. 1938).
The parties stipulated that if plaintiff was entitled to a judgment it should be in the sum of $540. The judgment is reversed and remanded with direction to enter judgment in favor of the plaintiff in the sum of $540.