## Winoka Village, Inc., v. Tate, Jr.

*Mattes, Mattes & Myers*, for plaintiff.
*William J. Oliver*, for defendant.

HOBAN, P. J., January 4, 1956.—This is plaintiff's motion for judgment on the pleadings. Most of the

issues raised by the pleadings have been litigated in New Jersey and the decision in Winoka Village, Inc., v. Tate, 16 N. J. Superior 330, 84 A. 2d 626, November 19, 1951, may be controlling. We do not decide the point now because we believe the pleadings before us raise an issue as to the amount due on which defendant is entitled to trial.

The action is for rent alleged to be due and unpaid under the terms of written leases for a dwelling and garage in Huntington, New York. Defendant removed from the premises in September, 1950, during the term of the lease, which ran to December 31, 1951. In the New Jersey action plaintiff sued for, obtained judgment and collected rental due for the months from October, 1950 to February, 1951, inclusive. The pleadings in the New Jersey action which are of record here, by stipulation, clearly show that the action there was for the specific rental due for those particular months. In the case at bar the action is for rental due from March 1, 1951, to the end of the term.

In this complaint plaintiff pleaded the default in payment and then proceeded to plead as a fact that defendant is entitled to certain credits because plaintiff had succeeded in renting the premises for the last five months of the term. In the answer defendant pleaded lack of knowledge as to the credits offered by plaintiff in mitigation of damages because the means of proof are within the exclusive control of plaintiff, and demanded proof in accordance with Pa. R. C. P. 1029 (c). With defendant in Pennsylvania and plaintiff in New York in control of its own property, it is hard to see how defendant could be required to plead otherwise.

Plaintiff's theory seems to me that this situation should not stop judgment, assuming that all the other essentials were there, because the existence of an offset in mitigation of damages would be a matter of

affirmative defense to be pleaded and proved by defendant, and consequently defendant ought not to be allowed to use Pa. R. C. P. 1029 (c) because the burden of proving anything in mitigation of damages would be on defendant. We cannot agree with this concept. Here plaintiff, whether he was required to do so or not, has voluntarily pleaded the facts and it would seem rather illogical to require defendant to prove a fact advanced by plaintiff when defendant has no means of ascertaining the truth of the fact in question, or hold defendant to an admission of the fact pleaded for lack of a categorical response. We think defendant is entitled to test the sufficiency of plaintiff's credit allowance by formal proof, subject to cross-examination. At this point we are unable to arrive at a figure expressing the liquidated damages for the purpose of judgment.

Since in our opinion this one issue cannot be resolved without trial, the determination of the other issues will be reserved for the trial judge.

Now, January 4, 1956, plaintiff's motion for judgment on the pleadings is denied, without prejudice.