251 N.J. Super. 570 (1991)
598 A.2d 1234
FILMLIFE, INC., A NEW JERSEY CORPORATION, AND MARVIN BERNARD, PLAINTIFFS-APPELLANTS,
v.
MAL "Z" ENA, INC., A NEW JERSEY CORPORATION, T/A LEASEWORKS AND/OR TENAFLY FOREIGN/DOMESTIC CARS; BILL BRESNAN; CAPITAL CITIES BROADCASTING, INC.; AND CAPITAL CITIES BROADCASTING INC., T/A WABC 77 AM; JANVIER SMITH; DONNA BUTLER; AND Z. SZYMANSKI, DEFENDANTS-RESPONDENTS, AND MANUFACTURERS HANOVER WHEELEASE, INC., T/A WHEELEASE, INC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1991.
Decided November 14, 1991.
*571 Before Judges MICHELS, O'BRIEN and HAVEY.
Avram B. Segall argued the cause for appellants (William P. Schey, attorney; Avram B. Segall, of counsel and on the brief).
Donald T. Okner argued the cause for respondent Tenafly Foreign/Domestic Cars (Dwyer, Connell & Lisbona, attorneys; Donald T. Okner, of counsel and on the brief).
Robert F. Guida argued the cause for respondents Capital Cities/ABC, Inc., WABC-AM Radio, Inc. and William Bresnan (Collier, Jacob & Sweet, attorneys; Robert F. Guida, of counsel and on the brief).
*572 No appearance was made on behalf of respondents Mal "Z" Ena, Inc., t/a Leaseworks, Janvier Smith, Donna Butler and Z. Szymanski.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs Filmlife, Inc. (Filmlife) and Marvin Bernard (Bernard) appeal from orders of the Law Division that dismissed their complaint against the defendants Mal "Z" Ena, Inc., a New Jersey Corporation, t/a Leaseworks; Tenafly Foreign/Domestic Cars; William Bresnan (Bresnan); Capital Cities Broadcasting, Inc. and Capital Cities Broadcasting Inc., t/a WABC 77AM (Capital Cities); Janvier Smith; Donna Butler, and Z. Szymanski for failure to state a claim upon which relief can be granted.
Filmlife entered into a written lease for a 1989 Lincoln Town Car. Bernard, the president and chief operating officer of Filmlife, signed the lease as the guarantor. At the time the lease was signed Bernard traded in a 1984 Cadillac for a $6,000 allowance. The lease provided that the $6,000 trade-in was a capitalized cost reduction applied as the down payment to reduce the costs of the lease. The effect of this, of course, was to reduce plaintiff's monthly lease payments. The lease further provided that the "Lease contains the entire agreement between the Lessor and Lessee and may not be modified, amended or changed in any way except in writing, signed by the party to be charged thereby."
Notwithstanding the clear and explicit terms of the written lease agreement to the contrary, plaintiff Bernard contends that the $6,000 trade-in was to be paid to him in cash. When defendants refused to pay the $6,000 in cash, plaintiffs instituted this action against defendants, seeking to recover compensatory and punitive damages on theories of common law fraud, consumer fraud under N.J.S.A. 56:8-2, conversion, theft by deception, conspiracy and misrepresentation. Defendants *573 moved to dismiss the complaint on the ground that it failed to state a claim against them upon which relief can be granted. Judge Simon in the Law Division agreed and dismissed the complaint against all defendants. The trial court held that plaintiffs could not prove their claim because the parol evidence rule barred the admission of any extrinsic evidence that would vary the express terms of the written lease agreement that the trade-in was a capitalized cost reduction applied as a down payment against the cost of the lease.
We are thoroughly satisfied from our study of the record, despite plaintiffs' contentions to the contrary, that the trial court correctly concluded that plaintiffs cannot overcome the substantive barrier of the parol evidence rule to vary the clear and explicit terms of the written lease agreement that the $6,000 trade-in was to be applied as a capitalized cost reduction in the calculation of plaintiff's monthly lease payments. The parol evidence rule may be explained generally as follows:
When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. [3 Corbin on Contracts § 573 (1960)].
See also 30 AM.JUR.2D Evidence § 1016 (1967).
"[T]he parol evidence rule operates to prohibit the introduction of oral promises to alter or vary an integrated written instrument...." Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369, 378, 164 A.2d 607 (App.Div. 1960) (citing Naumberg v. Young, 44 N.J.L. 331 (Sup.Ct. 1882)). Introduction of extrinsic evidence to prove fraud in the inducement, however, is a well recognized exception to the parol evidence rule. "It is well settled that a party to an agreement cannot, simply by means of a provision in a written instrument, create an absolute defense or prevent the introduction of parol evidence in an action based on fraud in the inducement to contract." Ocean Cape, supra, 63 N.J. Super. at 377-78, 164 A.2d 607. Extrinsic evidence to prove fraud is admitted because *574 it is not offered to alter or vary express terms of a contract, but rather, to avoid the contract or "to prosecute a separate action predicated upon the fraud." Id. at 378, 164 A.2d 607. See also Harker v. McKissock, 12 N.J. 310, 323, 96 A.2d 660 (1953); Dover Shopping Center, Inc. v. Cushman's Sons, Inc., 63 N.J. Super. 384, 390, 164 A.2d 785 (App.Div. 1960); Schlossman's, Inc. v. Niewinski, 12 N.J. Super. 500, 506, 79 A.2d 870 (App.Div. 1951); The Timken Silent Automatic Corp. v. Vetrovec, 119 N.J.L. 500, 503, 197 A. 265 (Sup.Ct. 1938).
However, the fraud exception to the parol evidence rule is not without its limits. There is a distinction between fraud regarding matters expressly addressed in the integrated writing and fraud regarding matters wholly extraneous to the writing. See for example Winoka Village v. Tate, 16 N.J. Super. 330, 84 A.2d 626 (App.Div. 1951). See also 9 Wigmore on Evidence § 2431(c), at 104 (Chadbourn Rev. 1981). In Winoka, supra, the plaintiff landlord sued to recover rents due on two three-year leases and defendant-tenant defended on the ground that he was fraudulently induced into entering said leases. The defendant contended that he informed the plaintiff's superintendent of a reluctance to enter a three-year lease due to his uncertain employment situation. According to the defendant, the plaintiff's superintendent informed him that if a tenant had to move before the lease terms expired, it was plaintiff's policy to retain the tenant's one month's rent security deposit and nothing more would be required of the tenant. The defendant alleged that he entered the leases in reliance on said representations. The trial court found that defendant had proved fraud and entered judgment against plaintiff.
We reversed, rejecting defendant's extrinsic evidence under the parol evidence rule. We found that the defendant had signed the leases with knowledge that the express terms of those documents bound him to pay rent for the full three year lease terms. Judge (later Justice) Brennan, writing for the court in Winoka explained:

*575 The alleged oral misrepresentations, being contradictory of the undertakings expressly dealt with by the writings, are not effectual in that circumstance to avoid the obligation he knowingly assumed. "The general rule is clear that a parol agreement which is in terms contradictory of the express words of a contemporaneous or subsequent written contract, properly interpreted, necessarily is ineffectual and evidence of it inadmissible, whether the parol agreement be called collateral or not." Williston, Contracts (Rev. ed. 1936), sec. 639; Restatement, Contracts (1932), vol. 1, sec. 237. Men are usually bound by the import of documents signed by them and which they had the ability and opportunity to read. See Commercial Credit Corp. v. Coover, 101 N.J.L. 530 [129 A. 187] (E. & A. 1925); Williams v. Leisen, 72 N.J.L. 410 [60 A. 1096] (Sup.Ct. 1905); Peter W. Kero, Inc. v. Terminal Construction Corp., 6 N.J. 361 [78 A.2d 814] (1951). Notable exceptions are when the signature is obtained by fraud or imposition in the execution of the contract, as by reason of a willful misrepresentation as to its purport or contents; McDonald v. Central R.R. Co., 89 N.J.L. 251 [98 A. 391] (E. & A. 1916); Peter W. Kero, Inc. v. Terminal Construction Corp., supra; Alexander v. Brogley, 63 N.J.L. 307 [43 A. 888] (E. & A. 1899); Dunston Lithograph Co. v. Borgo, 84 N.J.L. 623 [87 A. 334] (E. & A. 1913); Christie v. Lalor, 116 N.J.L. 23 [181 A. 312] (Sup.Ct. 1935); and when the fraudulent misrepresentation inducing the signature is as to a thing not dealt with at all in the agreement. Schlossman's v. Niewinski, 12 N.J. Super. 500 [79 A.2d 870] (App.Div. 1951).
The general rule controls in this case. Defendant knew when he signed the lease that the specific written obligations he assumed under them bound him until December 31, 1951. Although the testimony as to the alleged oral misrepresentations was received without objection from plaintiff, and the question of the propriety of its admission will not be considered on appeal, Slovak Catholic Sokol v. Foti, 13 N.J. Super. 458 [80 A.2d 636] (App.Div. 1951), this testimony was insufficient in law to relieve defendant of rental obligations he knew were imposed by the express terms of the leases when he signed them. The rule that a specific undertaking in a written agreement is not to be varied or contradicted by parol is a rule of substantive law and not of evidence merely. See Downs v. Jersey Central Power & Light Co., 117 N.J. Eq. 138 [174 A. 887] (E. & A. 1934), affirming 115 N.J. Eq. 348 [170 A. 835] (Ch. 1934); 9 Wigmore, Evidence (3d ed. 1940), secs. 2400 et seq., cf., Marcus & Co., Inc. v. KLG Baking Co., Inc., 122 N.J.L. 202 [3 A.2d 627] (E. & A. 1939); Adams v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389 [2 A.2d 361] (Sup.Ct. 1938). [16 N.J. Super. at 333-34, 84 A.2d 626].
Applying these principles here, it is evident that the trial court properly held that the parol evidence rule applied to bar the extrinsic evidence upon which plaintiffs ground their fraudbased claims. The Schlossman's and Dover Shopping Center cases, cited by plaintiff, are clearly distinguishable and do not support a reversal of the orders in this case.
*576 Furthermore, plaintiffs' allegations that defendant Bresnan made material misrepresentations by asserting that the lessor was "trustworthy" and would deal with customers "fairly and honestly," is grounded in the claim that the lessor and its employees falsely represented their intention to give plaintiffs the $6,000 trade-in value in cash. Since the parol evidence rule bars plaintiffs from presenting such evidence to vary the terms of the lease agreement, they are also barred by the same rule from presenting such evidence against Bresnan and Capital Cities. It is established law that third parties are also entitled to invoke the parol evidence rule in their favor. See Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293, 302, 96 A.2d 652 (1953); Loria's Garage, Inc. v. Smith, 49 N.J. Super. 242, 248, 139 A.2d 430 (App.Div. 1958).
This same reasoning also applies to the claimed violations of the Consumer Fraud Act (Act). N.J.S.A. 56:8-1 et seq. Under that Act, an unconscionable commercial practice may be the source of a private right of action pursuant to N.J.S.A. 56:8-19. Since plaintiffs cannot introduce extrinsic evidence to contradict the express terms of the leasing agreement, they are also precluded from proving the claimed unconscionable commercial practice. Moreover, it is difficult to understand that an unconscionable commercial practice claim can be lodged in the circumstances of this case. Certainly, simple logic, sound business principles and fundamental fairness militates against a party receiving both a $6,000 cash payment and a $6,000 capitalized cost reduction in the cost of a lease for the single $6,000 trade-in allowance.
In sum, despite plaintiffs' claim of fraud and misrepresentation with respect to the payment of the trade-in value in cash, plaintiffs signed a leasing agreement which not only did not include such terms and conditions, but expressly contradicted such an oral understanding by providing that the trade-in value was a capitalized cost reduction. Plaintiffs' attempt to vary the intent of the parties as expressed in writing does not fit within the fraud exception to the parol evidence rule, and, therefore, *577 the trial court properly dismissed the complaint against defendants on the ground that it failed to state a claim against them upon which relief can be granted.
All of the other issues of law raised are clearly without merit. R. 2:11-3(e)(1)(E).
Accordingly, the orders under review are affirmed.