42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ben KAMM; Elly M. Kamm; Ilse Diament; Fred Diament,
Plaintiffs-Appellants,
v.
TRUST COMPANY OF NEW JERSEY, Defendant-Appellee.
 No. 92-55289.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1993.
Decided Nov. 28, 1994.
 
 Before: NORRIS, WIGGINS, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Ben and Elly Kamm and Ilse and Fred Diament (Plaintiffs) sued The Trust Company of New Jersey (Trust Company). Plaintiffs sought damages under various theories and hoped to prevent foreclosure on their homes, which secured a $4.6 million debt on a Texas property. The district court granted summary judgment for the Trust Company because the Plaintiffs' claims were based on inadmissible parol evidence. Plaintiffs appeal. We affirm in part, reverse in part, and remand.
 
 STANDARDS OF REVIEW
 
 3
 Whether the parol evidence rule excludes evidence of a contemporaneous oral agreement presents a question of law reviewed de novo. See Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc., 971 F.2d 272, 277 (9th Cir.1992), cert. denied, 113 S.Ct. 1267 (1993); Banco do Brasil v. Latian, Inc., 285 Cal.Rptr. 870, 885 (Cal.Ct.App.1991), cert. denied, 112 S.Ct. 2967 (1992). We also review de novo a grant of summary judgment, see FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), rev'd on other grounds, 114 S.Ct. 2048 (1994); Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992), and the district court's interpretation of state law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 759 (9th Cir.), cert. denied, 113 S.Ct. 300 (1992).
 
 DISCUSSION
 I.
 
 4
 Plaintiffs' primary contention is that the district court erred by refusing to consider evidence that the Trust Company, prior to the execution of written documents, promised not to foreclose on the residential properties offered as security for a loan modification. The district court granted summary judgment for the defendants on all claims because it concluded that evidence of such a promise was barred by the parol evidence rule.
 
 
 5
 In California,[1] the parol evidence rule is codified by statute. The basic rule is that
 
 
 6
 [t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.
 
 
 7
 Cal.Civ.Proc.Code Sec. 1856(a) (West 1983). Our inquiry is divided into two principal parts. First, we must determine whether the parties intended the written contract to integrate their entire agreement. Brinderson, 971 F.2d at 276-77; Cal.Civ.Proc.Code Sec. 1856(d). Second, if the writing represents an integrated agreement between the parties, evidence of the oral agreement is admissible only if the agreement is susceptible of the meaning contended for by the party offering the evidence. Brinderson, 971 F.2d at 277. We first conclude that the writing is an integration of the parties' agreement. See Banco do Brasil, 285 Cal.Rptr. at 887.[2]
 
 
 8
 First, the Modification Agreement contained a detailed description of the relationship between the parties and specifically incorporated several previous agreements without reference to the oral statements at issue. Thus, on its face, the writing appears fully to describe the entire relationship between the parties following modification of the loan and should be considered an integrated agreement. See id.
 
 
 9
 Second, the alleged oral promise not to foreclose on the residential properties directly contradicts the terms of the written agreement. The Modification Agreement indicates that the debt was secured by Deeds of Trust on the residential properties. The agreement also states that the Trust Company "shall be entitled to pursue any and all remedies available to it" in the event the Plaintiffs default under the terms of the agreement. Moreover, the Plaintiffs expressly warranted that the agreement was valid and enforceable in accordance with the provisions thereof. Thus, the alleged agreement not to foreclose on the California properties directly contradicts the express terms of the written agreement.
 
 
 10
 Finally, while an agreement of this sort may not naturally have been incorporated into the writing, the statements at issue here are precisely the type of evidence that can mislead a trier of fact. Moreover, application of the parol evidence rule in this case is consistent with the rule's purpose. See Brinderson, 971 F.2d at 277 (indicating that the rule discourages interested witnesses from committing fraud, perjury, or unintentional invention and prevents sympathetic juries from releasing parties from bad bargains). Accordingly, we conclude that the writing represents an integration of the parties' agreement under California law.
 
 
 11
 Having determined that the writing is an integrated agreement, we must determine whether the written contract is reasonably susceptible of the meaning proffered by the Plaintiffs. "[W]hen, as here, the claimed oral agreement is a direct contradiction of the written instrument, it is clear that the issue has already been resolved." Banco do Brasil, 285 Cal.Rptr. at 891. The written agreement simply is not susceptible of the reading advanced by the Plaintiffs.
 
 
 12
 We also reject Plaintiffs' argument that evidence of the oral statements should be admitted under the fraud exception to the parol evidence rule. In Brinderson, this court stated:
 
 
 13
 For parol evidence of fraud or misrepresentation to be admissible under California law, "it must tend to establish some independent fact or representation, some fraud in the procurement of the instrument or some breach of confidence concerning its use, and not a promise directly at variance with the promise of the writing."
 
 
 14
 971 F.2d at 281 (quoting Bank of America Nat'l Trust & Sav. Ass'n v. Pendergrass, 48 P.2d 659, 661 (Cal.1935)). As we explained above, we conclude that the oral statements are "directly at variance" with the terms of the written agreement.
 
 
 15
 For all the foregoing reasons, we conclude that the parol evidence rule precludes the use of evidence of the oral promise to contradict the terms of the written agreement. Plaintiffs' first cause of action alleges fraud because the oral promise not to foreclose was made with the intent to induce Plaintiffs to enter into the Modification Agreement. That claim is squarely foreclosed by the parol evidence rule, and was properly disposed of by summary judgment.
 
 II.
 
 16
 Plaintiffs argue that several of their other claims for relief were not entirely precluded by operation of the parol evidence rule. We agree in part.
 
 
 17
 Plaintiffs have asserted a claim based on constructive fraud. "Constructive fraud consists: 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him...." Cal.Civ.Code Sec. 1573 (West 1982). The possibility of constructive fraud is inferred from the facts of the relationship between the parties. See Mary Pickford Co. v. Bayly Bros., 86 P.2d 102, 114 (Cal.1939).
 
 
 18
 In order to make out a claim for constructive fraud, a plaintiff must demonstrate a "special confidential or fiduciary relation." Mary Pickford Co., 86 P.2d at 114 (quotation omitted); Byrum v. Brand, 268 Cal.Rptr. 609, 617 (Cal.Ct.App.1990) ("The breach of duty referred to in section 1573 must be one created by the confidential relationship, which is one of the facts constituting the fraud."). "[A] true fiduciary duty between [the parties] is not a necessary element of constructive fraud." General Am. Life Ins. Co. v. Rana, 769 F.Supp. 1121, 1127 (N.D.Cal.1991) (construing California law).
 
 
 19
 In Barrett v. Bank of America, 229 Cal.Rptr. 16 (Cal.Ct.App.1986), the court found such a relationship and reversed the trial court's refusal to instruct the jury on a constructive fraud theory because: 1) the borrower perceived a very close relationship with the loan officer; 2) the borrower therefore shared confidential financial information with the loan officer, 3) the borrower relied on the loan officer's erroneous advice about limiting personal liability, and 4) the bank stood to benefit from the borrower's following the advice given. In the instant case, Plaintiffs allege a nearly identical relationship. They state that they acted in reliance on Mr. Wilzig's advice because of a close personal relationship and Mr. Wilzig's representations that he had their best interests at heart.
 
 
 20
 Plaintiffs also allege that the Trust Company induced them to do more than just sign the Modification Agreement. Primarily, the Plaintiffs claim that they damaged their position by relying on the Trust Company's advice in investing both the entire cash flow from the property and significant sums of their own money into rehabilitation of the property instead of forestalling foreclosure by paying the interest on the debt. In addition, they employed the son of an important customer of the Trust Company at the suggestion of the Trust Company. We conclude that constructive fraud may arise from this post-agreement advice, not just the oral promise not to foreclose. Issues of fact exist as to whether the relationship gave rise to a duty that was breached, whether the induced actions prejudiced the Plaintiffs' interests, even given the validity of the written contract, and whether the result enriched the Trust Company. Because such issues of fact exist, summary judgment was inappropriate as to the constructive fraud claim.
 
 
 21
 Although Plaintiffs are precluded from alleging fraud based on a promise not to foreclose that is both prior to, and inconsistent with, the written agreements, they may attempt to prove statements subsequent in time to the written agreement without running afoul of Cal.Civ.Proc.Code Sec. 1856. Plaintiffs' affidavits in opposition to the motion for summary judgment allege that Wilzig made representations about not foreclosing after the execution of the Deeds of Trust. Therefore, the Plaintiffs' fraud and misrepresentation claims are not foreclosed by the parol evidence rule with respect to any such statements and the district court erred by granting summary judgment, based solely on that rule, on all of the claims.
 
 
 22
 Finally, Plaintiffs also refer to possible breaches of the covenant of good faith and fair dealing, citing to one of a line of cases which suggests the possibility of tort damages for such actions. One may not, of course, avoid the evidentiary prohibition of the parol evidence rule by simply recasting the claim as one sounding in tort. Kett v. Graeser, 50 Cal.Rptr. 727 (Cal.Ct.App.1966). The area of law to which Plaintiffs apparently refer concerns the question of when greater tort damages should be available to punish powerful parties who wrongfully attempt to deny customers their contractual rights. See Foley v. Interactive Data Corp., 765 P.2d 373 (Cal.1988). Plaintiffs, however, assert no valid contractual rights denied them by the Trust Company. We have already held that the parol evidence rule precludes the argument that the Modification Agreement includes a promise not to foreclose. Plaintiffs may not complain of the Trust Company's attempts to enforce its own rights under the written agreement because the implied covenant of good faith and fair dealing "does not impose any affirmative duty of moderation in the enforcement of legal rights." Price v. Wells Fargo Bank, 261 Cal.Rptr. 735, 742 (Cal.Ct.App.1989). A claim for tortious breach of contract is inapplicable to the facts alleged once the operation of the parol evidence rule is taken into account.
 
 
 23
 In any event, tort damages are not available to Plaintiffs. The test for a "special" relationship for purposes of the tortious breach of the implied covenant is different from that for the "confidential" relationship necessary to constructive fraud. Compare Wallis v. Superior Court, 207 Cal.Rptr. 123, 129 (Cal.Ct.App.1984) with Mary Pickford Co., 86 P.2d at 102. Plaintiffs have made no attempt to meet the Wallis test or to otherwise show the existence of a "special relationship analogous to that between an insurer and insured." Mitsui Mfrs. Bank v. Squido Corp., 260 Cal.Rptr. 793, 795 (Cal.Ct.App.1989) (citing Foley, 765 P.2d 373). Accordingly, we decline to extend the doctrine in a direction that recently has been all but completely ruled out by the California courts. See Kim v. Sumitomo Bank of California, 21 Cal.Rptr.2d 834, 837 (Cal.Ct.App.1993). We affirm the grant of summary judgment with respect to any claim for tortious breach of contract.
 
 
 24
 The district court indicated that "[a]ll of Plaintiffs' claims in the instant action are barred by operation of the parol evidence rule." Based on the foregoing, we cannot agree. Here, the parol evidence rule excludes only the contemporaneous oral promise not to foreclose on the residential properties. Viewing the record in the light most favorable to the Plaintiffs, we conclude, as indicated above, that genuine issues of material fact exist as to actions and statements by the Trust Company subsequent to the execution of the written documents. Accordingly, we partially reverse the district court's grant of summary judgment and remand for further proceedings consistent with this disposition.
 
 III.
 
 25
 Plaintiffs contend that their rescission claim also survives the motion for summary judgment. We disagree. It is well settled that a party seeking rescission must "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." Cal.Civ.Code Sec. 1691(b) (West 1985). Here, Plaintiffs never offered to restore the Trust Company to its position before the agreements. Thus, the district court did not err in granting summary judgment against Plaintiffs on their rescission claim.
 
 IV.
 
 26
 Finally, Plaintiffs contend that California Civil Procedure Code sections 580(a) and 726 require the Trust Company to seek a determination of the fair market value of the Texas property before foreclosing on the California properties. We disagree.
 
 
 27
 Plaintiffs make a compelling argument why section 580(a) should be read to apply to the sale of additional security and not only to the recovery of money judgments against the debtor. Unfortunately for the Plaintiffs, however, the statute provides otherwise. See Hatch v. Security-First Nat'l Bank, 120 P.2d 869, 873-74 (Cal.1942). This court has stated that under California law "[a] mortgagee may pursue additional security given by the mortgagor if the primary security is insufficient to satisfy the obligation." In re Forester, 529 F.2d 310, 316 (9th Cir.1976) (citing Freedland v. Greco, 289 P.2d 463 (Cal.1955)). The court specifically held that section 580(b), a companion section to section 580(a), did not apply to a situation where no deficiency judgment was sought or obtained. Id. Accordingly, we affirm the district court's denial of a fair value determination.
 
 
 28
 AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court applied California law, and the parties rely exclusively on California law in their briefs. While our review of the record indicates that New Jersey law may apply, we apply California law because the parol evidence rule, which decides the bulk of this dispute, is the same in both jurisdictions, see Banco do Brasil, 285 Cal.Rptr. at 886-93; Filmlife, Inc. v. Mal "Z" Ena, Inc., 598 A.2d 1234 (N.J.Super.Ct.App.Div.1991), and because the parties' failure even to mention New Jersey law to this point in the dispute indicates that they have acquiesced in the application of California law. See Interpool Ltd. v. Char Yigh Marine, 890 F.2d 1453, 1458 (1989), amended, 918 F.2d 1476 (9th Cir.1990)
 
 
 [2]
 California applies a four part test to determine whether a writing is integrated. Under that test, we should look to whether (1) the writing appears to be a complete agreement on its face; (2) the alleged oral agreement directly contradicts the writing; (3) the oral agreement might naturally have been made a separate agreement; and (4) evidence of the oral agreement would likely mislead the trier of fact. Banco do Brasil, 285 Cal.Rptr. at 887